IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| CDS BUSINESS SERVICES, INC. d/b/a NEWTEK BUSINESS CREDIT. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | |
| | ) | 3:20-ap-90140 |
| AMERICA CARES TRUST d/b/a CARENATION | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE OF FILING RETURN OF SERVICE

CDS Business Services, Inc. d/b/a Newtek Business Credit ("CDS" hereinafter) by and through counsel pursuant to Fed. R. Bankr. P. 7004 and, as adopted and incorporated therein, Fed. R. Civ. P. 4, files this Notice of Filing the Return of Service ("Notice" hereinafter).

Defendant's registered agent for service of process is Michael Gaw. The Process server was not able to serve Mr. Gaw at the address listed as his address for service of process with the Secretary of State because that address is a vacant lot. The process server then traveled to Defendant's principal place of business at the address stated on Defendant's profile with the Secretary of State. Mr. Gaw was not present. The office manager, Karen Campbell, called Mr. Gaw in the presence of the process server. Ms. Campbell then told the process server that Mr.

Gaw had authorized Ms. Campbell to accept the Summons. The process server then left a copy of the Summons with Ms. Campbell, who signed the return, as shown on attached exhibit 1.

In an abundance of caution, in the event a question arises whether Mr. Gaw in fact authorized Ms. Campbell to accept service, CDS dispatched a second process server to serve Mr. Gaw, at his home. Mr. Gaw was not home, but his wife was home. Mr. Gaw's wife called Mr. Gaw in the presence of the process server. The process server heard the phone call on the speaker phone, saw the word "hubby" on the phone screen, and heard Mr. Gaw authorize his wife to accept the Summons on Mr. Gaw's behalf. In accordance with that instruction, the process server left the Summons with Mr. Gaw's wife as he had heard Mr. Gaw authorize. See Exhibit 2.

In addition to the foregoing (and again, in abundance of caution), CDS also served Defendant by First Class Mail in compliance with Fed. R. Bank. P. 7004(b)(3) on September 15, 2020. See Exhibit 3.

                                                         Respectfully submitted,

                                                         /s/ *Daniel H. Puryear*
Daniel H. Puryear, # 18190
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-255-4859 (phone)
615-630-6602 (fax)
dpuryear@puryearlawgroup.com

*Counsel for CDS Business Services, Inc. d/b/a Newtek Business Credit*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on September 18, 2020. Notice of this filing was sent by operation of the Court's electronic filing

system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Daniel H. Puryear*
Daniel H. Puryear