# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | **Case No. 3:19-bk-1971** |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | **Chapter 11** |
| Debtor. ) | |
| ) | |
| ) | |
| CDS BUSINESS SERVICES, INC. d/b/a ) | |
| NEWTEK BUSINESS CREDIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Adv. Proc. No. 3:20-ap-90140** |
| ) | |
| AMERICA CARES TRUST d/b/a ) | |
| CARENATION, ) | |
| ) | |
| Defendant. ) | |

## PROPOSED AGREED HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure and 45 C.F.R. § 164.512(e)(1), the undersigned parties agree to, and the court finds good cause for, the issuance of a qualified protective order. It is therefore **ORDERED** as follows:

1. The parties and attorneys to the above-captioned matter (the "Action") are hereby authorized to receive, subpoena, and transmit protected health information pertaining to any and all patients of Capstone Pediatrics, PLLC (the "**Debtor**") and/or patients of Defendant America Cares Trust,

{02123371.2 }1

Inc. (the "**Defendant**") (Debtor's and Defendant's patients collectively, the "**Patients**"); the extent and subject to the conditions set forth herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501, including, but not limited to, information related to:

    (a) The past, present, or future physical or mental condition of the Patients

    (b) The provision of care to the Patients.

    (c) The payment for care provided to the Patients, which identifies names of the Patients or which reasonably could be expected to identify names of the Patients.

3. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information pertaining to the Patients to all attorneys in this Action.

4. The parties and their attorneys shall be permitted to use the protected health information in any manner reasonably connected with the Action, including, but not limited to, disclosure to the parties and their attorneys, insurers, claims managers, experts, and consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process.

5. All protected health information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose.

6. Any person or entity in possession of protected health information shall maintain the information in a reasonably secure manner, and shall not reveal to or discuss such information with any person not entitled to receive it, so that the protected health information is not further disclosed or used in any manner inconsistent with this Order.

7. Within twenty (20) days after the conclusion of this action, the parties, their attorneys, and any other persons or entities that came into possession of the protected health information through this Action shall return the protected health information to the covered entity that provided it, or destroy

the protected health information, except for health information that was submitted to the court. Any party receiving protected health information must submit a written certification to Defendant's attorneys within twenty (20) days after the Action concludes that (a) states that all protected health information was returned or destroyed and (b) affirms that the recipient has not retained any copies.

8. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

9. This Order does not control or limit the use of protected health information pertaining to the Patients that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

*[This order was signed and entered electronically as indicated at the top of the first page.]*

**SUBMITTED FOR ENTRY:**

**BONE McALLESTER NORTON PLLC**

*/s/ William J. Haynes III*
Sam J. McAllester III #3461
William J. Haynes III, #17398
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6300 Phone
(615) 238-6301 Facsimile
Email: whaynes@bonelaw.com

*Attorney for America Cares Trust, d/b/a CareNation*

*/s/ Daniel H. Puryear*
Daniel H. Puryear #18190
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-255-4859 (phone)
615-630-6003 (fax)
dpuryear@puryearlawgroup.com

*Counsel for the Plaintiff,*
*CDS Business Services, Inc.*
*d/b/a Newtek Business Credit*

-and-

*/s/ David W. Houston*
David W. Houston. IV #20802
Burr & Forman LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
615-724-3215 (phone)
615-724-3315 (fax)
dhouston@burr.com

*Counsel for Capstone Pediatrics, PLLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on October 14, 2020. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may also access this filing through the Court's electronic filing system.

Daniel H. Puryear
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
*Counsel for the Plaintiff,*
*CDS Business Services, Inc.*
*d/b/a Newtek Business Credit*

David W. Houston IV
Burr & Forman LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
dhouston@burr.com
*Counsel for Capstone Pediatrics, PLLC*

Daniel Fleming
Wong Fleming
821 Alexander Road, Suite 200
Princeton, NJ 08540
dfleming@wongfleming.com
*Counsel for Bank of America, NA\\*

Megan Seliber
Office of the U.S. Trustee, Trial Attorney
318 Customs House, 701 Broadway
Nashville, TN 37203
megan.seliber@usdoj.com
*Counsel for the United States Trustee*

                                                               */s/William J. Haynes III*
                                                               William J. Haynes III