*Randal S. Mashburn*
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 10/22/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |
| CDS BUSINESS SERVICES, INC. d/b/a ) | |
| NEWTEK BUSINESS CREDIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 3:20-ap-90140 |
| ) | |
| AMERICA CARES TRUST d/b/a ) | |
| CARENATION, ) | |
| ) | |
| Defendant. ) | |

### AGREED HIPAA QUALIFIED PROTECTIVE ORDER
### FOR INITIAL DISCLOSURES

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure and 45 C.F.R. § 164.512(e)(1), the undersigned parties agree to, and the court finds good cause for, the issuance of a qualified protective order. The "good cause" for the issuance of a qualified protective order is as follows:

1. The parties have each asserted rights to certain funds contained in the "DIP Accounts," as defined in the Complaint. Apart from certain the proceeds of a certain "**PPP Loan**" to Defendant (see Doc. 10 at p. 2 and Doc. 10-2), the parties each dispute the scope and amount of the other's claims to DIP Account funds.

1

2. In an attempt to resolve their disputes expeditiously, the parties have agreed to collaborate on an accounting and reconciliation of the DIP Accounts to determine the parties' respective ownership rights in proceeds of accounts receivable deposited into the DIP Accounts since the closing of the sale contemplated by the Asset Purchase Agreement (**APA**) between the Debtor and the Defendant on July 20, 2020.

3. The purpose of the accounting and reconciliation is to determine dates of service attributable to proceeds of accounts receivable deposited into the DIP Accounts, which will help the parties determine their respective shares of accounts receivable to date. To complete this process, it will be necessary for the Defendant to provide initial disclosures of documents and other information, specifically including, but not limited to, remittance reports, which contain certain "protected health information" as defined by the Health Insurance Portability and Accountability Act (**HIPAA**) 42 U.S. C. § 1320d *et seq.* (the "**Initial Disclosures**") Some of the Initial Disclosures contain protected health information for periods prior to the closing of the APA, requiring the Debtor's input and consent.

4. As evidenced by the signatures of counsel below, the parties have agreed to a process for Initial Disclosures that will ensure that disclosures of protected health information only as reasonable and necessary for completion of the accounting and reconciliation.

It is therefore **ORDERED** as follows:

1. The parties and attorneys to the above-captioned matter (the "**Action**") are hereby authorized to receive protected health information contained in the Initial Disclosures pertaining to any and all patients of Capstone Pediatrics, PLLC (the "**Debtor**") and/or patients of Defendant America Cares Trust, Inc. (the "**Defendant**") (Debtor's and Defendant's patients collectively, the "**Patients**"); to the extent of, and subject, to the conditions set forth herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501, including, but not limited to, information related to:

    (a) The past, present, or future physical or mental condition of the Patients.

    (b) The provision of care to the Patients.

    (c) The payment for care provided to the Patients, which identifies names of the Patients or which reasonably could be expected to identify names of the Patients.

3. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information contained in the Initial Disclosures pertaining to the Patients to all attorneys in this Action.

4. The parties and their attorneys, as well as any consultants or experts retained by either, shall be permitted to use the protected health information contained in the Initial Disclosures for the purposes of completing an accounting and reconciliation of the DIP Accounts. Use of protected health information in any other manner reasonably connected with the Action, including, but not limited to, disclosure to, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process, shall be **RESERVED** pending further Orders of this Court.

5. All protected health information produced or disclosed in the Initial Disclosures shall be used solely for completion of the accounting and reconciliation of the DIP Accounts, and shall not be used for any other purpose pending further orders of this Court.

6. As evidenced by the signatures of counsel for the parties and the Debtor below, the parties have agreed to the following process for production of Initial Disclosures that contain, or may contain, protected health information:

    (a) The Defendant shall produce the Initial Disclosures to the Plaintiff upon entry of this Order. In its initial production of the Initial Disclosures, the Defendant shall redact protected

health information (including, but not limited to, patient names and dates of birth) contained in the Initial Disclosures.

(b) Upon receipt and review of the redacted Initial Disclosures, the Plaintiff shall identify those Initial Disclosures that Plaintiff will need to inspect in unredacted form for verification and authentication purposes.

(c) Upon receipt of the Defendant's requests to inspect unredacted Initial Disclosures, the Plaintiff shall meet and confer with the Defendant to allow the Plaintiff to inspect those designated unredacted Initial Disclosures. The Plaintiff shall not retain copies of any unredacted Initial Disclosures in any form.

(d) Notwithstanding the provisions of Paragraph 4 above, no agent or representative of the Plaintiff (including insurers, claims managers, experts, and consultants) may be granted access to the Initial Disclosures until such person has read this Agreed Protective Order and executed the acknowledgment attached to the Order as **Exhibit 1.** Counsel for the parties shall maintain these written agreements (Exhibit 1) and shall make them available upon request to counsel for any other Party.

7. Notwithstanding the foregoing, any person or entity in possession of protected health information shall maintain the information in a reasonably secure manner, and shall not reveal to or discuss such information with any person not entitled to receive it, so that the protected health information is not further disclosed or used in any manner inconsistent with this Order.

8. Any other persons or entities that came into possession of the protected health information during the accounting and reconciliation shall return the protected health information to the covered entity that provided it, or destroy the protected health information, except for health information that was submitted to the court, within ten (10) days of the completion of the accounting and reconciliation. Any party receiving protected health information must submit a written certification to Defendant's attorneys within ten (10) days after the accounting and reconciliation concludes that (a) states

4

that all protected health information was returned or destroyed and (b) affirms that the recipient has not retained any copies.

9. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes. Likewise, nothing in this order is intended to limit in any way any party's right to compel production of any documents through formal discovery requests, subpoenas, depositions, patients authorizations or other lawful process, the intent of this order being solely to govern the voluntary production of the Initial Disclosures as set forth herein.

10. This Order does not control or limit the use of protected health information pertaining to the Patients that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

*[This order was signed and entered electronically as indicated at the top of the first page.]*

**SUBMITTED FOR ENTRY:**

**BONE McALLESTER NORTON PLLC**

*/s/ William J. Haynes III*
Sam J. McAllester III #3461
William J. Haynes III, #17398
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6300 Phone
(615) 238-6301 Facsimile
Email: whaynes@bonelaw.com

*Attorney for America Cares Trust, d/b/a CareNation*

*/s/ Daniel H. Puryear*
Daniel H. Puryear #18190
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-255-4859 (phone)
615-630-6003 (fax)
dpuryear@puryearlawgroup.com

*Counsel for the Plaintiff,*
*CDS Business Services, Inc.*
*d/b/a Newtek Business Credit*

-and-

*/s/ David W. Houston*
David W. Houston. IV #20802
Burr & Forman LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
615-724-3215 (phone)
615-724-3315 (fax)
dhouston@burr.com

*Counsel for Capstone Pediatrics, PLLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on October 21, 2020. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may also access this filing through the Court's electronic filing system.

Daniel H. Puryear
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
*Counsel for the Plaintiff,*
*CDS Business Services, Inc.*
*d/b/a Newtek Business Credit*

David W. Houston IV
Burr & Forman LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
dhouston@burr.com
*Counsel for Capstone Pediatrics, PLLC*

Daniel Fleming
Wong Fleming
821 Alexander Road, Suite 200
Princeton, NJ 08540
dfleming@wongfleming.com
*Counsel for Bank of America, NA\*

Megan Seliber
Office of the U.S. Trustee, Trial Attorney
318 Customs House, 701 Broadway
Nashville, TN 37203
megan.seliber@usdoj.com
*Counsel for the United States Trustee*

                                                 */s/William J. Haynes III*
                                                 William J. Haynes III

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| CDS BUSINESS SERVICES, INC. d/b/a ) | |
| NEWTEK BUSINESS CREDIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 3:20-ap-90140 |
| ) | |
| AMERICA CARES TRUST d/b/a ) | |
| CARENATION, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF COMPLIANCE WITH PROPOSED AGREED HIPAA QUALIFIED PROTECTIVE ORDER FOR INITIAL DISCLOSURES

I, the undersigned, hereby acknowledge that protected information, in whole or in part, and the information contained therein which has been produced by the parties to this action pursuant to the attached "AGREED HIPAA QUALIFIED PROTECTIVE ORDER FOR INITIAL DISCLOSURES" (the "**Protective Order**") has been disclosed to me, and by signing this Certificate of Compliance, I acknowledge and agree that I have read, understand, and am subject to the provisions of the Protective Order and will not disclose such protected information in whole or in part or in any form or the information contained therein to any person,

corporation, partnership, firm, governmental agency or association other than those listed in paragraphs 4, 5 and 6 of the Protective Order.

Date: _____

Printed name: _____

Signature: _____

{02128025.2}  2

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:20-ap-90140    Doc 39    Filed 10/23/20    Entered 10/23/20 06:46:52    Desc Main
                         Document      Page 9 of 9