# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| CDS BUSINESS SERVICES, INC. ) | |
| d/b/a NEWTEK BUSINESS CREDIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 3:20-ap-90140 |
| ) | |
| ) | |
| AMERICA CARES TRUST d/b/a ) | |
| CARENATION, ) | |
| ) | |
| Defendant. ) | |

_____

### AMERICA CARES TRUST d/b/a CARENATION'S
### SECOND EXPEDITED MOTION AND SUPPORTING MEMORANDUM FOR
### LIMITED RELIEF FROM PRELIMINARY INJUNCTION
### AND
### TO CONTINUE PRETRIAL CONFERENCE
_____

Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, and Rule 9075-1 of the Local Rules of this Court, Defendant America Cares Trust, Inc., a Tennessee not for profit corporation doing business as CareNation (hereinafter "**CareNation**"), by and through the undersigned counsel, respectfully submits this Expedited Motion for Limited Relief from the "Agreed Order Granting Expedited Motion for Preliminary Injunction" (Docket Entry 12) (hereinafter the "**Preliminary Injunction**"). CareNation further seeks a continuance of the Pretrial Conference in this matter, currently set for November 4, 2020 at 1:45 p.m. (Docket Entry 6).

1

1. **Expedited Relief Requested.** The Preliminary Injunction reads in pertinent part:

> America Cares Trust (ACT), d/b/a CareNation, its agents (specifically including, but not limited to, Michael Gaw), and any party acting in concert with CareNation, are enjoined, pending further order of this court, from accessing, depositing into, withdrawing from, viewing, using, transferring into or out of, encumbering, or preventing access of Debtor Capstone Pediatrics, PLLC ("Debtor") to any of Debtor's DIP Accounts used or opened at any time in this case including, but not limited to, those certain Bank of America accounts in the name of Debtor bearing account numbers XXXXXXX837, XXXXXXX7579 and XXXXXXX239. In addition, and immediately upon entry of this Order, Michael Gaw of CareNation shall ensure that all checks to any of Debtor's DIP Accounts are immediately turned over to Jim Davis, Chief Restructuring officer for Debtor, at such location as Davis may direct to CareNation and/or Gaw.

CareNation moves this Court to enter an expedited order, or otherwise to conduct an expedited hearing, for the purpose of granting limited relief from the Preliminary Injunction to obtain a disbursement of all funds on deposit, currently believed to be in an amount not less than $250,000.00[1], in the Bank of America account in the name of the Debtor bearing account number XXXXXXX239 (the "**Operating Account**" as hereinafter defined[2]). All remaining funds in the Operating Account belong to CareNation and are either proceeds from CareNation's accounts receivable or PPP Funds. Also, as discussed at the status conference on October 20, 2020, CareNation seeks a continuance of the pretrial hearing.

2. **Need for Expedited Order.** CareNation requires the limited relief from the Preliminary Injunction to ensure that there is no interruption of essential medical services to its pediatric patients, many of whom are infants, children and teens with chronic medical conditions requiring continuous and/or immediate treatment. The relief sought would enable CareNation to make its current payroll and ensure medical services are not interrupted or halted altogether. In the absence of the requested relief, CareNation's patient base would be immediately and perhaps irreparably impacted, and CareNation's medical professionals could be exposed to significant professional liability.

The continuance of the November 4, 2020 Pretrial Conference is requested on an expedited basis because the parties raised the issue with the Court at the status conference on October 20, 2020, and CareNation submits that both parties believe a continuance is necessary and appropriateunder the circumstances. .

---

[1] Neither of the parties have direct knowledge of the exact amount of the current balance in Account *239, however, the parties generally agree that the approximate balance was $540,000 as of September 16, 2020, and thereafter, as a result of the Agreed Order Modifying Preliminary Injunction, $204,928.67 was transferred out of the account as a result of the 837 Transfer, and another $72,000 was released to CareNation. It is believed that Bank of America has assessed fees of $3,000 on Account *39 since the entry of that Agreed Order. Therefore, the parties roughly estimate that the current balance is between $250,000.00 and $260,000.00.

[2] This account has previously been referred to as the "Carve-Out" Account, and for consistency's sake, the Motion will replace quoted references to "Carve-Out" with "[Operating]."

2
{02131568.1 }
Case 3:20-ap-90140 Doc 41 Filed 10/27/20 Entered 10/27/20 17:35:36 Desc Main
Document Page 2 of 6

**3.     Notice**. A copy of this expedited motion and a copy of proposed order setting hearing thereon to (1) all parties consenting to electronic service via the Court's CM/ECF system; (2) the office of the United States Trustee via email; (3) Debtor's bankruptcy counsel via email; (4) counsel of record for CDS Business Services, Inc., d/b/a NEWTEK Business Credit; and (5) counsel of record for Bank of America.

**4.     No Hearing Will Be Required/Requested Hearing Date If Deemed Necessary.**
CareNation does not believe an expedited hearing is necessary for the reasons set forth below. In the event a hearing is necessary, requests a hearing upon this motion on Thursday, October 29, 2020 at 10:30 a.m. C.D.T., or as soon thereafter as possible.

**5.     Supporting Argument.**

1.     As this court is already aware, CareNation- without authorization, direction or knowledge of any other party- deposited into the Debtor's Operating Account the proceeds of a certain loan it received from Bank of America pursuant to the "Paycheck Protection Program" in the amount of $636,386.00 (the "**PPP Loan**"). CareNation took out the PPP Loan to fund essential payroll and approved operational costs in the wake of the economic crisis caused by the COVID-19 Pandemic. CareNation took out the PPP Loan to address its prospective economic needs, not to finance the Debtor's estate or otherwise satisfy any amounts due and owing to CDS by virtue of the DIP Facility. The Debtor and CDS have claimed no interest in the PPP Funds.

2.     At the time of the filing of CDS' Motion for Preliminary Injunction on September 11, 2020, the DIP Accounts contained certain proceeds that represent cash assets of CareNation earned after the entry of the Asset Sale Order (hereinafter the "**CareNation Proceeds**"). At the time the Preliminary Injunction was issued on September 18, 2020, CDS had no right, title or interest in the CareNation Proceeds nor proceeds of the PPP Loan.

3.     CareNation's operations depend greatly on an influx of payments on TennCare medical claims, which are paid by the Center for Medicare and Medicaid Services (**CMS**). CareNation has been advised that, as a successor provider to Debtor, CMS will need approximately two (2) to four (4) months to process TennCare payments on CareNation's outstanding claims. In the interim, CareNation has relied heavily on payments received from other providers and "self-pay" patients within its "payor mix," as well as the proceeds of the PPP Loan, to meet its operating expenses, including payroll for its medical professionals and staff.

4.     On September 23, 2020, this Court entered an Agreed Order Modifying Preliminary Injunction which authorized Bank of America to "to issue from the remaining balance in Account XXXXXXX239 a cashier's check in the amount of Seventy-Two Thousand and 00/100 Dollars ($72,000.00), which the parties agreed "reflect[ed] a portion of the funds" PPP Loan CareNation obtained from Bank of America. (Docket Entry 26 p. 2 ¶¶ 1-2.) The "**837 Transfer**" referenced in the Agreed Order Modifying Preliminary Injunction moved $204,928.67 in non-PPP Loan funds from the Operating Account to the Provider Account, which (combined with the additional funds that have been deposited by payors into account 837 since the date of the preliminary injunction) provides CDS with adequate protection from any alleged harm, as CareNation remains enjoined from access of those 837 Transfer funds.

3

5. Without further immediate relief from the Agreed Order of Preliminary Injunction as to the balance of the funds in Account 239, CareNation will deprived of funds in which both the Debtor and CDS have no interest, and which are necessary to meet the CareNation's PPP-eligible operating expenses and payroll obligations. In the absence of the relief sought, CareNation may be compelled to halt its operations of the business acquired from Debtor, perhaps permanently. Among other things, a halt in operations would create significant exposure to CareNation, but it will also cause substantial and irreparable interruptions in medical services to some of the most vulnerable pediatric patients within the Middle District of Tennessee amidst an historic global pandemic.

**Continuance of the Pretrial Conference.**

As disclosed to the Court during the October 20, 2020 status conference, CareNation has been granted an extension by CDS to file a response to the Complaint filed in the above captioned adversary proceeding. CareNation is also working diligently to provide the "Initial Disclosures" referenced in the "Agreed HIPAA Qualified Protective Order" entered by the Court on October 23, 2020, for purposes of completing an accounting and reconciliation of proceeds deposited into the DIP Accounts since the Closing Date. CareNation has consulted with CDS and CDS agrees with CareNation that the pretrial conference will be more productive once CDS has had an opportunity to review the Initial Disclosures provided in order to make its own assessment of the competing claims to funds in Account 837.

**Conclusion.** CareNation simply seeks limited relief from the Preliminary Injunction to withdraw CareNation Proceeds and PPP funds in which both CDS and the Debtor have no interest from the Operating Account. Allowing disbursement of the balance of the funds in Account 239 would allow CareNation to continue operations, specifically, medical treatment of vulnerable infants, children and teens. The Preliminary Injunction would otherwise remain in place and continue to protect the interests of CDS and other interested parties if such relief were granted. Denying such relief would cause tremendous harm and obstruct the goals of a successful reorganization premised in no small part on continuation of medical care. CareNation therefore prays that this Expedited Motion be **GRANTED**, that the balance of the funds in Account *239 be disbursed by Bank of America to CareNation immediately upon entry of the appropriate Order, and that the Pretrial Conference be continued from November 4, 2020 to such time as is convenient for the Court and the parties. A proposed expedited order is attached hereto as **Exhibit 1**, in accordance with LBR 9075-1(c).

Respectfully submitted,

**BONE McALLESTER NORTON PLLC**

*/s/ William J. Haynes, III*
Sam J. McAllester III, #03461
William J. Haynes III, #17398
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6300 Phone
(615) 238-6301 Facsimile
Email:  smcallester@bonelaw.com
           whaynes@bonelaw.com

*Attorney for America Cares Trust, d/b/a CareNation*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was filed electronically on October 27, 2020. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. In addition, notice was sent in the manner set forth in section 3, above.

    Daniel H. Puryear
    Puryear Law Group PLLC
    104 Woodmont Boulevard, Suite 201
    Nashville, TN 37205
    dpuryear@puryearlawgroup.com
    *Counsel for the Plaintiff,*
    *CDS Business Services, Inc.*
    *d/b/a Newtek Business Credit*

    David W. Houston IV
    Burr & Forman LLP
    222 Second Avenue South, Suite 2000
    Nashville, TN 37201
    dhouston@burr.com
    *Counsel for Capstone Pediatrics, PLLC*

    Daniel Fleming
    Wong Fleming
    821 Alexander Road, Suite 200
    Princeton, NJ 08540
    dfleming@wongfleming.com
    *Counsel for Bank of America, NA*

    Megan Seliber
    Office of the U.S. Trustee, Trial Attorney
    318 Customs House, 701 Broadway
    Nashville, TN 37203
    megan.seliber@usdoj.com
    *Counsel for the United States Trustee*

                                                    */s/William J. Haynes, III* _____
                                                    William J. Haynes, III

{02131568.1 }
Case 3:20-ap-90140    Doc 41    Filed 10/27/20    Entered 10/27/20 17:35:36    Desc Main
Document      Page 6 of 6