Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 1/6/2021



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| CDS BUSINESS SERVICES, INC. d/b/a ) | |
| NEWTEK BUSINESS CREDIT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. Proc. No. 3:20-ap-90140 |
| ) | |
| AMERICA CARES TRUST d/b/a ) | |
| CARENATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER RELATING TO REQUEST BY CARENATION
FOR RELIEF FROM PRELIMINARY INJUNCTION**

America Cares Trust d/b/a CareNation ("CareNation") has filed an expedited motion at docket entry number 59 seeking certain relief from the preliminary injunction issued at docket entry numbers 12 and 30 and previously modified by an agreed order at docket entry number 49. Based upon the representations in the motion, it is ordered as follows:

1. This adversary proceeding was initiated by CDS Business Services, Inc. d/b/a Newtek Business Credit ("CDS") in connection with funds deposited into the Debtor's accounts but over which CareNation exercised control following a sale of certain assets of the Debtor to CareNation.

2. The parties reached an agreement regarding injunctive relief requested by CDS, and an agreed upon preliminary injunction was entered at

docket entry number 12 (with a corrected order at docket entry number 30). Since that time, the parties agreed to a modification of the injunction pursuant to docket entry number 49, resulting in certain funds otherwise subject to the injunction being made available to CareNation.

3. The latest expedited motion by CareNation alleges that results of an accounting have demonstrated that funds in excess of any amounts in which CDS asserts a security interest have already been paid to CDS. CareNation further contends that CDS does not dispute the results of the accounting.

4. While CareNation has now requested an expedited hearing to modify the injunction once again, it is unclear why another agreed order cannot be entered if it is correct that CDS does not dispute the facts set forth in the latest CareNation motion.

5. Based upon the assertions of irreparable harm that will occur without a further modification of the injunction, the Court will set an expedited hearing to address this matter. However, the Court expects CareNation and CDS to confer in the meantime and attempt to reach an agreement on this matter since, if the CareNation allegations are reasonably accurate, any remaining dispute that might exist between the parties would legitimately affect only a small amount, if any, of the funds currently subject to the injunction.

6. The bankruptcy case has been converted to Chapter 7 since the last agreed order was entered, and a Trustee has now been appointed in the main case. However, throughout the litigation in this adversary proceeding, the Debtor has never asserted any rights in the funds at issue. Indeed, the Debtor has acknowledged from the beginning that the funds in dispute belong to either CareNation or CDS. If the Chapter 7 Trustee takes a different position, he should immediately seek to intervene in this adversary proceeding. Otherwise, the Court will assume that any agreement reached between CareNation and CDS regarding a modification of the injunction does not directly affect the bankruptcy estate and that it is not necessary for the Chapter 7 Trustee to be a signatory to any such order.

7. To the extent that an agreed order is not submitted modifying the injunction, the Court will conduct a hearing on CareNation's request at **10:00 a.m. on Friday, January 8, 2021**. At that time, the Court will also conduct a status/scheduling conference to determine the appropriate course to move the adversary proceeding toward a final resolution. If an agreed order is submitted in advance of the hearing that resolves the injunction modification issue, the January 8, 2021, hearing will be cancelled and the status/scheduling conference postponed. In that event, the parties should confer with the Courtroom Deputy regarding an available time for a status/scheduling conference to be conducted within the next three weeks.

8. The injunction modification hearing and status/scheduling conference will be conducted by Zoom videoconference, supplemented with audio access as set forth in the Addendum to this Order. Instructions for the Zoom video link will be provided to counsel of record in this adversary proceeding by e-mail in advance of the scheduled time.

9. The attached Addendum provides instructions and greater detail about the Zoom video conferencing arrangements.

IT IS SO ORDERED.

# ADDENDUM TO ORDER:
## Information Regarding Video and Audio Access
## To Court Hearing and Conduct of Participants

The following information supplements the Order to which this Addendum is attached. It has been determined that the hearing described in the preceding Order ("Hearing") should not be conducted in-person in the courtroom at this time but instead will be handled through video and telephonic means. This Addendum establishes the procedures to facilitate that arrangement.

 1. Under Federal Rule of Civil Procedure 43, made applicable in this case under Federal Rule of Bankruptcy Procedure 9017, the Court, for good cause in compelling circumstances and with appropriate safeguards, may permit testimony in open court by contemporaneous transmission from another location. Because of continuing issues related to the COVID-19 virus, the Court finds that the need for social distancing constitutes good cause and compelling circumstances to permit court hearings and testimony by video and audio as set forth herein.

 2. The Hearing will take place with active participants utilizing Zoom video conferencing technology, supplemented with toll-free telephone audio access for any persons wishing to listen to the proceedings without active participation.

 3. Any attorney who has filed a notice of appearance in this case will be provided a link for video access and any necessary instructions via email in advance of the Hearing. Any other party who wishes to **actively** participate in the Hearing but who has not filed a notice of appearance must file a Request to Participate by Video in the format attached to this order no later than close of business the day before the Hearing. After such request is made, a link for video access to the Hearing and further instructions will be provided by Court staff via e-mail.

 4. In the absence of a waiver of the requirement from the Court, witnesses must participate by video.[1] Counsel for the party presenting the witness must coordinate all aspects of the witness's video participation, including taking such steps in advance as necessary to assure the witness has a working computer or device with a camera, microphone, required bandwidth connection, and instructions in use of Zoom conferencing technology. Witnesses will be sworn in by video and their testimony will be accepted and binding as if they were testifying live in the courtroom.

 5. If a witness will be asked to review an exhibit during testimony, counsel must make arrangements in advance to assure that the witness has access to a digital

---

[1] Counsel who have been provided the video link may share the link for the Hearing with their witnesses.

copy of the uploaded exhibit or must be prepared to use the screen-sharing feature of Zoom to display the exhibit after making arrangements in advance with Court staff.

6. Only one participant is permitted per video link and camera; i.e., counsel should not swap his/her device with co-counsel or witness during the Hearing.

7. The Court may determine that some testing of the Zoom technology is advisable in advance of the Hearing. In that event, counsel for any participating party shall promptly cooperate in making such arrangements if contacted by the Court staff.

8. In order to assure public access to the Hearing in a manner reasonably similar to an in-person proceeding, any person that wishes to listen only and who will not otherwise be participating in the Hearing may access the Hearing via the following Zoom audio-only call-in information:

>  Toll-Free Call-In Number: **833-568-8864**
>
>  Meeting ID: **160 6111 5865** (followed by # symbol)
>
>  Participant ID: None needed – just press # symbol if requested.

9. All parties participating by either video or audio should make the connection approximately 5-10 minutes before the scheduled start time for the Hearing.

10. During the Hearing, all participants must mute their phone, computer or electronic device when not speaking. Also, all participants appearing by video should:

   a. Dress in appropriate court attire;
   b. Ensure their video background is professional and not distracting to the proceedings;
   c. Silence electronic devices including cell phones and notifications on the device being used for the video;
   d. Wait until called upon by the Court before speaking;
   e. Not speak over other participants;
   f. Participate from a quiet location; and
   g. Not leave the room or move the device during the Hearing except for minor camera adjustments when necessary.[2]

11. Participants are reminded that photographing (including screenshots), recording, or further broadcasting or sharing images from the Hearing is strictly prohibited. Violation of these prohibitions may result in sanctions. All hearings will continue to be recorded using the Court's official digital recording system. The process for requesting an official transcript has not changed.

   IT IS SO ORDERED.

---

[2] It is important to remember that the Judge and other participants appearing by video can see you during the video even when you are not speaking.

**{Style of Case}**

## REQUEST TO PARTICIPATE BY VIDEO

The undersigned seeks permission to participate by video in the Hearing identified below and certifies that the requesting party will comply with the order entered in this case establishing procedures for such Hearing:

**Subject of Hearing:**

**Date of Hearing:**

**Attorney requesting to appear by video:**

**Client of attorney requesting to appear by video:**

**Nature of client's Involvement in the case:**

**Anticipated extent of participation in Hearing (argument, witness examination, etc.):**

**E-Mail address to provide video access link and additional instructions:**

**Any other information pertinent to request:**

Dated:

Name:
Address:

Phone Number:

E-mail:

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.