*Randal S. Mashburn*
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 1/12/2021



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | Chapter 11 |
| Debtor. | |
| | |
| CDS BUSINESS SERVICES, INC. d/b/a NEWTEK BUSINESS CREDIT. | |
| Plaintiff, | |
| v. | Adv. Proc. No. 3:20-ap-90140 |
| AMERICA CARES TRUST d/b/a CARENATION | |
| Defendant. | |

## AGREED ORDER
## MODIFYING PRELIMINARY INJUNCTION
## AND AGREED SCHEDULING ORDER

Before the Court is the Third Motion for Limited Relief from Preliminary Injunction and Request for Fed. R. Bankr. P. 7016 Conference, filed by Defendant America Cares Trust, Inc. d/b/a CareNation ("**CareNation**") (Docket Entry No. 59). As evidenced by the signatures of counsel for CareNation and the Plaintiff, CDS Business Services, Inc. d/b/a NewTek Business Credit ("**CDS**") (CareNation and CDS collectively, "**Parties**"), the Parties enter into this Agreed Order to modify

the Preliminary Injunction and "Agreed Scheduling Order for Accounting and Reconciliation" entered by this Court on December 23, 2020 (Docket Entry 57) (the "**Agreed Scheduling Order**") under the terms set forth below.  Counsel for CareNation hereby represents that counsel for CareNation has contacted the Chapter 7 Trustee as well as counsel for the United States Trustee, Bank of America, and that neither the Chapter 7 Trustee, the United States Trustee nor the Bank of America oppose the relief sought, or modification of the Preliminary Injunction or the Agreed Scheduling Order, under the terms set forth below.

## STIPULATIONS OF FACT

As evidenced by the signatures of the signatures of counsel for the respective Parties, the following facts are stipulated:

1. The Parties to this Adversary Proceeding have worked in good faith to collaborate on an accounting and reconciliation of the Provider Account (as herein defined) to determine the parties' respective claims to proceeds of accounts receivable deposited into the Provider Account since the closing of the sale contemplated by the Asset Purchase Agreement (APA) between the Debtor and the Defendant on July 20, 2020 (the "**Accounting and Reconciliation**").

2. Upon Motion filed by the Parties (Docket Entry 55), this Court entered the Agreed Scheduling Order, which outlined the phases and deadlines for completion of the Accounting and Reconciliation.  The Agreed Scheduling Order set "**Phase I**" of the Accounting and Reconciliation as "the period beginning after the Closing Date (July 21, 2020) and ending on the last day of the month after the entry of the Order Granting Expedited Relief from the Preliminary Injunction (September 30, 2020)."

3. The Accounting and Reconciliation for Phase I (the "**Phase I Accounting**") was

timely completed on December 31, 2020. That Phase I Accounting covered the period beginning July 21, 2020 and ending on September 21, 2020 (the "**Phase I Accounting Period**"). Upon conclusion of the Phase I Accounting, the Parties reached, or otherwise agreed to, the following findings:

    a. That proceeds of accounts receivable totaling $333,088.87 were deposited into the Debtor's Debtor In Possession (**DIP**) Account with the Bank of America bearing Account No. XXXXXXX837 (the "**Provider Account**") during the Phase I Accounting Period.

    b. That $255,025.03 of proceeds deposited into the Provider Account during the Phase I Accounting Period constituted proceeds of accounts receivable for services rendered by CareNation after the closing of that certain Asset and Purchase Agreement between the Debtor and CareNation on July 20, 2020 (July 21, 2020 being the "**Closing Date**" and such proceeds being "**CareNation Proceeds**").

    c. That between July 20, 2020 and August 10, 2020, CDS collected approximately $117,832.58 from automatic daily sweeps from the Provider Account.

    d. That only $78,098.70 of proceeds deposited into the Provider Account during the Phase I Accounting Period constituted proceeds of accounts receivable for services rendered by the Debtor prior to the Closing Date that CDS was entitled to recover under the DIP Facility and DIP Financing Order (such proceeds "**CDS Proceeds**").

4. Upon conclusion of the Phase I Accounting, the Parties concluded that CDS collected $39,771.73 in CareNation Proceeds from the Provider Account during the Phase I Accounting Period (such proceeds hereinafter "**CareNation Residual Phase I Proceeds**").

5. The Purchase Price of the APA is due to CDS. Section 2.07 of the APA requires CareNation to make certain installment payments to CDS, including a cash payment of Sixty-Five Thousand Dollars ($65,000.00) to CDS payable in immediately available funds by wire transfer to the account of CDS. (hereinafter the "**January APA Payment**"). The January APA Payment is due on or before January 15, 2021, and CareNation has not yet made the January APA Payment.

Based upon the following findings of fact, and the agreement of the Parties, it is therefore **ORDERED** that the September 18, 2020 Preliminary Injunction in this matter (Docket Entry No. 12) shall be **MODIFIED** as follows:

1. Immediately upon entry of this Order, the Debtor, by and through the Chief Restructuring Officer (**CRO**), is hereby authorized and directed to disburse from the Provider Account a wire transfer in the amount of Two Hundred Fifteen Thousand Two Hundred Fifty-Three and 59/100 Dollars ($215,253.59) payable to America Cares Trust, Inc. d/b/a CareNation. Said disbursement constitute the remaining amount of CareNation Proceeds due to CareNation for the Phase I Accounting Period that remain in the Provider Account.

2. Immediately upon entry of this Order, and in satisfaction of the claim asserted by CareNation to the same in its motion, CDS is authorized to retain the CareNation Residual Phase I Proceeds ($39,771.73) and apply the same as partial payment towards the $65,000.00 January APA Payment due from CareNation to CDS.

3. The Agreed Scheduling Order for Accounting and Reconciliation is hereby **MODIFIED** as follows:

1. Phasing of Accounting and Reconciliation. The phases for the Accounting And Reconciliation are as follows:

(a) **Phase I:** Phase 1 covers the period beginning after the Closing Date (July 21, 2020) and ending on **September 21, 2020**.

(b) **Phase II**: Phase II covers the period beginning **September 22, 2020** and ending October 31, 2020.

(c) **Phase III**: Phase III covers the period beginning November 1, 2020 through December 31, 2020.

(d) **Phase IV**: Phase IV will cover the period beginning January 1, 2021 through the earlier of (i) February 1, 2021, or (ii) the date by which all payors have ceased remittances to the DIP Account.

4. **Phase II:** CareNation made Initial Disclosures for Phase II, which were completed and provided, along with its assertion of entitlement to the funds at issue in the Phase II Period, on or before December 29, 2020. CDS shall advise CareNation of any additional information needed on or before January 11, 2021. CareNation shall provide any additional information requested on or before **January 12, 2021**. Pursuant to the process set forth in the Protective Order, the parties shall meet and confer to validate and authenticate the data contained in the Initial Disclosures on **January 11, 12 and 13, 2021**, for not less than 8 hours that day, unless the parties agree in writing to a shorter number of days or total hours. Assuming that CDS has been afforded full access through CareNation to the payor portals for viewing such unredacted Initial Disclosures as requested over the course of those days, on or before **January 15, 2021**, CDS shall provide CareNation with its conclusions as to the amounts of money collected during the phase II time period which is attributable to services provided by Capstone prior to the APA closing, and services provided by CareNation after the APA closing

5. Immediately upon completion of Phase II, and in the event that the Parties are in agreement as to the dates of services for which all payments were made during Phase II, then no later than January 18, 2021, the Parties shall submit an Agreed Order containing stipulations of fact as to the findings of the Phase II Accounting, and providing for the following disbursements from the Provider Account:

   a. Disbursement of a sum in the amount deemed to be the total amount of proceeds of accounts receivable constituting Debtor Proceeds deposited into the Provider Account between September 22, 2020 and October 31, 2020 (the "**Phase II Accounting Period**") to CDS.

   b. Disbursement to CDS from CareNation Proceeds deposited into the Provider Account during the Phase II Accounting Period a sum in the amount of Twenty Five Thousand Two Hundred Twenty-Eight and 27/100 Dollars ($25,228.27), said sum constituting the remaining balance of the January APA Payment due and owing from CareNation to CDS, such disbursement being the "**Residual January APA Payment Disbursement**".

   c. Disbursement to CareNation of the remaining balance of CareNation Proceeds deposited into the Provider Account during the Phase II

Accounting Period after the Residual January APA Payment Disbursement.

6. Except as otherwise ordered above, the Preliminary Injunction and Agreed Scheduling Order remain in full force and effect, pending further Orders of this Court. All claims, defenses and other matters regarding the subject matter of this Adversary Proceeding, and the APA, are hereby **RESERVED.**

It is so **ORDERED.**

*[This order was signed and entered electronically as indicated at the top of the first page.]*

*[The rest of this page is intentionally left blank.]*

**SUBMITTED FOR ENTRY:**

**BONE McALLESTER NORTON PLLC**

*/s/ William J. Haynes, III*
Sam J. McAllester III, #03461
William J. Haynes III, #17398
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6300 Phone
(615) 238-6301 Facsimile
Email: smcallester@bonelaw.com
   whaynes@bonelaw.com

*Attorney for America Cares Trust, Inc.*
*d/b/a CareNation*


*/s/ Daniel H. Puryear with permission (WJH)*
Daniel H. Puryear #18190
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-255-4859 (phone)
615-630-6003 (fax)
dpuryear@puryearlawgroup.com

*Counsel for the Plaintiff,*
*CDS Business Services, Inc.*
*d/b/a Newtek Business Credit*

# CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing was filed electronically on January 12, 2021. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may also access this filing through the Court's electronic filing system.

Daniel H. Puryear
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
dpuryear@puryearlawgroup.com
*Counsel for the Plaintiff*

David W. Houston IV
Burr & Forman LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
dhouston@burr.com
*Counsel for Capstone Pediatrics, PLLC*

Daniel Fleming
Wong Fleming
821 Alexander Road, Suite 200
Princeton, NJ 08540
dfleming@wongfleming.com
*Counsel for Bank of America, NA*

Michael Gigandet, Trustee
Law Office of Michael Gigandet
208 Centre Street
Pleasant View, TN 37146
michael@mgigandet.com

Megan Seliber
Office of the U.S. Trustee, Trial Attorney
318 Customs House, 701 Broadway
Nashville, TN 37203
megan.seliber@usdoj.com
*Counsel for the United States Trustee*

                                         */s/William J. Haynes, III*
                                         William J. Haynes, III

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.