IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| CDS BUSINESS SERVICES, INC. d/b/a | ) | |
| NEWTEK BUSINESS CREDIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90140 |
| | ) | |
| | ) | |
| AMERICA CARES TRUST d/b/a | ) | |
| CARENATION | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO AMENDED COUNTERCLAIM OF AMERICA CARES TRUST, INC. d/b/a CARENATION**

Comes now the Plaintiff/Counter-Defendant CDS Business Services, Inc. d/b/a Newtek Business Credit (hereinafter, "CDS") by and through counsel, and files this its Answer to the Amended Counterclaim [Doc. 54] filed against it in the above captioned matter by Defendant/Counter-Plaintiff ("CareNation").

**FIRST DEFENSE**

In response to the individually numbered allegations of the Counterclaim, CDS states as follows:

48. CDS incorporates all allegations in its Complaint as if fully stated herein and, to the extent that in CareNation's amended Answer to the Complaint CareNation alleges in any given paragraph additional facts, CDS denies those allegations and demands strict proof thereof.

49. CDS lacks sufficient information to admit or deny the allegations in Paragraph 49 of the Counterclaim concerning the number of employees, the number or location of its patients, the nature of its medical practice, or the manner in which it characterizes its organization or corporate structure. Accordingly, all such allegations are denied. To the extent alleged in this Paragraph 49 or any other allegation of the Counterclaim, CDS denies that CareNation is a separate or distinct entity from the so-called "Capstone Division" or that CareNation would escape liability for the acts or omissions of the "Capstone Division".

50. CDS admits the allegations contained in Paragraph 50 of the Counterclaim

51. CDS admits the allegations contained in Paragraph 51 of the Counterclaim.

52. CDS admits the allegations contained in Paragraph 52 of the Counterclaim.

53. CDS admits the allegations contained in Paragraph 53 of the Counterclaim.

54. CDS admits the allegations contained in Paragraph 54 of the Counterclaim.

55. CDS denies that CDS affirmatively swept the Debtor's DIP Account #837. Rather, in accordance with the DIP Facility which was approved by the Court, the Debtor established an automatic daily sweep feature on Account #837, which was set up to collect, and thereafter remit to CDS, proceeds of accounts receivable. CDS admits and in fact alleges that after acquisition of certain of the assets of the Debtor Capstone Pediatrics, PLLC ("Debtor"), which acquisition excluded Debtor's DIP accounts, CareNation began improperly exercising control over one or more of Debtor's DIP bank accounts and wrongfully deposited certain of its own "Paycheck Protection Program" ("PPP") loan proceeds into one of those Debtor DIP accounts- Account #239.

CDS denies that CareNation "deposited" any of its proceeds into Account #837, but CDS alleges that CareNation improperly directed its payors to remit funds to Account #837. CDS admits that CareNation improperly made disbursements from one or more of the Debtor's DIP accounts for its benefit. CDS denies any and all other allegations in paragraph 55 of the Counterclaim and demands strict proof thereof.

56. CDS admits and alleges that CareNation improperly exercised control over more than one of the Debtor's DIP accounts- including account #239 (referred to in the Complaint as the "Carve-Out Account"), in order to deposit a PPP loan. The Defendant lacks sufficient information to admit or deny the remaining sentences in Paragraph 56 of the Counterclaim.

57. CDS denies the allegations of Paragraph 57 because the term "cash assets" is vague and undefined. CDS admits that it is not entitled to identifiable PPP loan proceeds. CDS admits that, on the date CDS filed the Motion for Preliminary Injunction, the Debtor's DIP accounts contained a combination of identifiable PPP loan proceeds and amounts paid by payors for medical services provided by Debtor and CareNation. Debtor provided certain of those medical services prior to July 20, 2020, while CareNation provided certain of those services after July 20, 2020.

58. CDS denies that CareNation is a "successor provider" to Debtor as alleged in Paragraph 58. CDS otherwise lack sufficient information to admit or deny the remaining allegations in Paragraph 58 of the Counterclaim and accordingly demands strict proof thereof.

59. CDS admits the allegations contains in paragraph 59 of the Counterclaim, though clarifies that the automatic sweeps only occurred from Account 837, as was appropriately allowed under the DIP Order.

60. CDS hereby incorporates its prior responses to the Counterclaim as if specifically restated here.

61. CDS denies the allegations contained in Paragraph 61 of the Counterclaim and demands strict proof thereof.

62. CDS denies that CareNation is entitled to the relief requested in paragraph 62 of the Counterclaim.

63. CDS hereby incorporates its prior responses to the Counterclaim as if specifically restated here.

64. CDS denies the allegations contained in Paragraph 64 of the Counterclaim and demands strict proof thereof.

65. CDS denies the allegations contained in Paragraph 65 of the Counterclaim and demands strict proof thereof.

66. CDS denies the allegations contained in Paragraph 66 of the Counterclaim and demands strict proof thereof.

67. CDS hereby incorporates its prior responses to the Counterclaim as if specifically restated here.

68. CDS denies the allegations contained in Paragraph 68 of the Counterclaim and demands strict proof thereof.

69. CDS denies the allegations contained in Paragraph 69 of the Counterclaim and demands strict proof thereof.

70. All allegations of the Counterclaim not admitted or denied are here and now denied.

71. Having responded to the individually numbered allegations of the Counterclaim, CDS denies that CareNation is entitled to recover any relief whatsoever.

## SECOND DEFENSE

The Counterclaim fails to state a claim upon which may be granted.

## THIRD DEFENSE

CareNation's claims are barred in accordance with the defenses of waiver, estoppel, and unclean hands. To the extent CareNation sustained any harm, that harm was factually and proximately caused by CareNation's brazen, improper and surreptitious accessing of Debtor Capstone Pediatrics' bank account.

## FOURTH DEFENSE

CareNation's claims are barred by the Litigation Privilege. To the extent CDS received or withheld funds which CareNation was lawfully entitled to recover, CDS received or withheld those funds in accordance with the DIP Facility and DIP Financing Orders which were reviewed and approved by this Court.

## FIFTH DEFENSE

Unjust enrichment (Count III) is a quasi-contractual remedy, but there exist various contracts which define the obligations of the parties. The Court should therefore dismiss the claim for unjust enrichment.

## SIXTH DEFENSE

To the extent CareNation sustained any cognizable harm, that harm was caused by parties other than CDS. Specifically, CareNation, as alleged in this Answer, was the proximate cause of the harm it alleges. To the extent the Court is permitted or required to compare fault or negligence of parties in analysis of a claim for conversion (Count II of the Counterclaim), CareNation's claim should be reduced or barred by the doctrine of Modified Comparative Fault as adopted in Tennessee in accordance with the fault or negligence of CareNation.

## SEVENTH DEFENSE

CareNation's claims are subject to offset/recoupment based on its liability to CDS for the tortious causes of action alleged in CDS's Complaint as well as CareNation's obligations to CDS for the balance of the purchase price owed to CDS under the Asset Purchase Agreement approved by this court.

**WHEREFORE,** having answered in full, CDS prays that the Counterclaim be dismissed with prejudice, that the Counterclaimant have and recover nothing under such Counterclaim with costs taxed to the Counter-Plaintiff, for which execution may issue, if necessary, and that this Court awards such further and other relief to CDS as this Court deems proper.

Respectfully submitted,

*/s/ Daniel H. Puryear*
Daniel H. Puryear,
TN No. 18190
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-630-6601 (phone)
615-630-6602 (fax)
dpuryear@puryearlawgroup.com

*Counsel for CDS Business Services, Inc. d/b/a Newtek Business Credit*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on January 14, 2021. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                        */s/ Daniel H. Puryear*
                        Daniel H. Puryear

Case 3:20-ap-90140   Doc 68   Filed 01/14/21   Entered 01/14/21 16:38:01   Desc Main
Document      Page 7 of 7