IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| CDS BUSINESS SERVICES, INC. ) | |
| d/b/a NEWTEK BUSINESS CREDIT. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 3:20-ap-90140 |
| ) | |
| AMERICA CARES TRUST d/b/a ) | |
| CARENATION, ) | |
| ) | |
| Defendant. ) | |

**MOTION AND SUPPORTING MEMORANDUM
TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT**

Comes now the Plaintiff, CDS Business Services, Inc. d/b/a Newtek Business Credit ("**CDS**"), by and through counsel, pursuant to Fed. R. Civ. P. 15, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7015, and moves this Court for leave to file the Amended and Supplemental Complaint attached hereto as **Exhibit 1**.

CDS initiated this action against Defendant America Cares Trust d/b/a CareNation ("**CareNation**"), seeking injunctive relief and monetary damages related to, *inter alia*, CareNation's improper exercise of control over one of Debtor's DIP Accounts existing for the benefit of CDS as the owner/secured creditor of the funds in same, in violation of the Asset

Purchase Agreement dated July 8, 2020 ("APA"), approved by this court on July 20, 2020 [Doc. 254] . Though the parties have, subsequent to filing the complaint, entered an agreed order on May 25, 2021 that provides a mechanism by which CareNation's prior violations of the APA, and the other disputes between the parties, may ultimately be resolved [ Doc. 75] (the "**Omnibus Order**"), CareNation has subsequently violated its obligations to CDS under the APA in a new and independent manner.

Specifically, the APA provides that consideration for the purchase of Debtor's assets- a combination of a $350,000 payment to be made in installments along with a monthly percentage of CareNation's net profits for 60 months- will be paid directly by CareNation to CDS. The details concerning the timing and amounts of these payments to CDS are set forth in section 2.07 of the APA. While CareNation did timely pay the installments of the $350,000 payment due prior to entry of the Omnibus Order, it has failed to pay the installment due on July 15, 2021 in the amount of $50,000.00. It has also refused to provide any response to demands for payment. Likewise, CareNation has failed to pay any net profits, or provide access to the information necessary to enable CDS to verify CareNation's calculation of net profits as required by Section 9.01 of the APA. These breaches have occurred subsequent not only to the filing of the original complaint in this matter, but also subsequent to entry of the Omnibus Order.

An Amended and Supplemental Complaint is necessary and appropriate to bring these issues before the Court. See, In*:ciite Media, LLC v. Christmas of Light Prods., LLC*, 2021 WL 2209307 at *2 (M.D. Tenn. June 1, 2021)(explaining that absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought

should, as the rules require, be 'freely given.' "). The purpose of a supplemental pleading is to set forth new facts that have occurred since the filing of the original pleading and that affect the controversy and relief sought. *Weisbord v. Michigan State University*, 495 F.Supp. 1347 (W.D. Mich. 1980). The standard under the rule governing motions for leave to file a supplemental pleading is essentially the same as that under the rule governing motions to amend, and leave to so supplement should be granted unless it would cause undue delay or prejudice. *Mircron Technology v. Rambus*, 409 F.Supp.2d 552 (D.Del. 2006). A supplemental pleading may include new facts and new claims, and may be brought at any time that the action is before the trial court. *Adams & Boyle, P.C. v. Slatery*, 455 F. Supp.3d 619 (M.D. Tenn. 2020).

Just as with the original complaint, the CareNation actions complained of in the proposed supplemental complaint arise out of its violation of the APA. While the very first instance of a breach of a failure to pay net profits arose prior to the Original Complaint, the remaining breaches have all occurred subsequent to filing the original complaint, and the first breach of the obligation to pay one of the installment payments likewise arose after entry of the Omnibus Order.

Based on the foregoing, Plaintiff CDS seeks leave of Court to file the Amended and Supplemental complaint attached hereto as **Exhibit 1**.

Respectfully submitted,

*/s/ Daniel H. Puryear*
Daniel H. Puryear #18190
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-255-4859 (phone)
615-630-6003 (fax)
dpuryear@puryearlawgroup.com

*Counsel for the Plaintiff,
CDS Business Services, Inc.
d/b/a Newtek Business Credit*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on August 17, 2021. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may also access this filing through the Court's electronic filing system.

*/s/ Daniel H. Puryear*
Daniel H. Puryear