# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 3:19-bk-1971** |
| **CAPSTONE PEDIATRICS, PLLC,** | ) | |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |
| ──────────────────────── | ) | |
| | ) | |
| **CDS BUSINESS SERVICES, INC.** | ) | |
| **d/b/a NEWTEK BUSINESS CREDIT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Adv. Proc. No. 3:20-ap-90140** |
| | ) | |
| | ) | |
| **AMERICA CARES TRUST (ACT)** | ) | |
| **d/b/a CARENATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SUPPLEMENTAL MOTION REGARDING
## AMENDED MOTION TO WITHDRAW
## AND TO STAY DEADLINE FOR RESPONSE TO
## MOTION TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT

Pursuant to Local Rule LBR 2091-1, and the Order entered by this Court on August 25, 2021 (Docket Entry No. 80), the undersigned counsel, Bone McAllester Norton PLLC, Sam J. McAllester III and William J. Haynes, III (collectively, "**Defense Counsel**") respectfully submit this Supplemental Motion regarding its Amended Motion to Withdraw and To Stay Deadline for Response to Motion to File Amended and Supplemental Complaint (Docket Entry No. 79), and would state as follows:

## (A) FACTUAL BACKGROUND.

1. On September 11, 2020, CDS Business Services, Inc., d/b/a Newtek Business Credit ("**Plaintiff**"), initiated this Adversary Proceeding against America Cares Trust (ACT), d/b/a CareNation ("**ACT**"), by filing a Complaint for Damages and Injunctive Relief (Docket Entry No. 1).

2. On September 8, 2020, ACT engaged Bone McAllester Norton PLLC to represent its interest with regard to the Complaint documented by the execution of an engagement letter dated September 8, 2020 ("**Engagement Letter**"). The fully-executed Engagement Letter set forth the terms of engagement, including rights for either party to terminate representation, with or without cause, upon written notice. Additionally, the Engagement Letter stated: "If there is any dispute between us regarding this Agreement, or *if at any time you do not comply with its terms, you hereby expressly consent to our immediate withdrawal as your counsel.*"

3. On September 11, 2020, Plaintiff filed an Expedited Motion and Supporting Memorandum for Preliminary Injunction (Docket Entry No. 4).

4. Pursuant to the Demand Letter, Defense Counsel was engaged as counsel of record to defend ACT regarding the subject matter of the original Complaint (Docket Entry No. 1) and subsequent Temporary Injunction (Docket Entry No. 12). The subject matter of the Complaint and injunctive relief were right, title and interest to certain proceeds from accounts receivable deposited in the "**DIP Accounts**" (as defined in Docket Entry No. 1 pp. 2-3 ¶ 7) after the closing date of the Asset Purchase Agreement between ACT and Debtor. By entry of a series of Agreed Orders[1], the last being that certain "Order Modifying Preliminary Injunction, Authorizing Final Disbursements to Parties, and Granting Related Relief and Second Agreed

---

[1] Docket Entry No. 26 entered Sept. 23, 2020; Docket Entry No. 49 entered Oct. 30, 2020; Docket Entry No. 65 entered Jan. 12, 2021

{02283695.4 }

02283695.docx.v3-8/26/21

Qualified HIPAA Protective Order" entered May 25, 2021 (Docket Entry No. 76), right, title and interest in those proceeds have been fully determined, with disbursements having been made to Plaintiff and ACT, and the DIP Accounts have been closed.

5. On July 21, 2021, Defense Counsel gave notice to ACT that it was withdrawing as counsel as a result of the scope of its engagement having been completed; ACT had not fulfilled its obligations under the Engagement Letter regarding Defense Counsel's services; and as a result of a conflict of interest between ACT and other clients of Defense Counsel. Defense Counsel sent its written notice to ACT via overnight courier.

6. On August 17, 2021, Plaintiff filed a Motion and Supporting Memorandum to File an Amended and Supplemental Complaint (Docket Entry No. 77) which purports to amend and supplement the original Complaint to add causes of action for breach of certain obligations, alleged to be due and owing by ACT to the Plaintiff. These supplemental claims only recently arose after Defense Counsel's completion of its engagement, if allowed, are based on completely different subject matter than the original Complaint and outside the scope of Defense Counsel's engagement with ACT.

7. Defense Counsel promptly provided ACT with a copy of Plaintiff's August 17, 2021 Motion, and encouraged ACT to act very quickly to obtain new counsel, offering to provide additional recommendations of substitute counsel if needed.

**(B) GROUNDS FOR WITHDRAWAL.**

1. Defense Counsel has completed its engagement pursuant to the terms of the Engagement Letter and has given timely and appropriate notice to ACT.

2. Withdrawal is appropriate as the supplemental and additional claims of Plaintiff are outside the scope of the employment of Defense Counsel. <u>See</u> Tenn. Sup. Ct. 8, §§ 1.1 cmt. 5 and 1.2(c).

3. Withdrawal is appropriate under Rule 1.16(b)(7) of the Tennessee Rules of Professional Conduct, since ACT has not substantially fulfilled key obligations regarding Defense Counsel's services.

4. Withdrawal is warranted under Rule 1.16(a)(1) of the Tennessee Rules of Professional Conduct to the extent that continued representation could result in a conflict of interest vis-à-vis ACT and other client(s) of Defense Counsel.

**(C) ACT'S CONSENT TO WITHDRAWAL OF DEFENSE COUNSEL.**

1. ACT expressly consented to Defense Counsel's withdrawal in the Engagement Letter if it did not comply with the terms of the Engagement Letter.

2. On July 21, 2021, Defense Counsel notified ACT in writing that it was terminating the engagement, consistent with the terms of the Engagement Letter.

3. ACT has been notified numerous times of the termination of services and intent of withdrawal of Defense Counsel, who served copies of the withdrawal Motion and amended withdrawal Motion on ACT upon filing of same.

**(D) ACT'S EFFORTS TO OBTAIN NEW COUNSEL.**

Defense Counsel has given several notices to ACT on the need for ACT to obtain new counsel. Defense Counsel has no direct knowledge or information as to whether ACT has made

{02283695.4 }
4
02283695.docx.v3-8/26/21
Case 3:20-ap-90140   Doc 84   Filed 08/26/21   Entered 08/26/21 17:34:36   Desc Main
Document   Page 4 of 6

any efforts to obtain new counsel since Defense Counsel notified ACT of its intent to withdraw, weeks prior to the filing of the initial withdrawal Motion and amended withdrawal Motion.

**(E)   THE EFFECT WITHDRAWAL OF COUNSEL WOULD HAVE ON THE LITIGATION IF SUBSTITUTE COUNSEL IS NOT PROMPTLY ENGAGED.**

The impact that withdrawal of counsel would have on the litigation if ACT does not promptly engage substitute counsel will not be substantial. Defense Counsel represents that Plaintiff does not oppose its Motion, so long as firm deadlines are set for objections to the pending Motion to File an Amended and Supplemental Complaint. The subject matter of the current Complaint has been resolved, and (without waiving any objections, defenses, denials, or counterclaims held by ACT as to Plaintiff's pending motion or supplemental claims), Defense Counsel respectfully submits the claims asserted proposed Amended and Supplemental Complaint are based on conduct allegedly occurring only months ago, involving a different subject matter. If allowed, the Amended and Supplemental Complaint would convert this action into new litigation, necessitating filing of an answer and/or responsive pleading and a new discovery and pretrial schedule.

Respectfully submitted,

**BONE McALLESTER NORTON PLLC**

By:   /s/ Sam J. McAllester III
Sam J. McAllester III BPR #3461
William J. Haynes III BPR #017398
Nashville City Center
511 Union Street, Suite 1000
Nashville, TN 37219
(615) 238-6300 (telephone)
(615) 238-6301 (facsimile)

smcallester@bonelaw.com
whaynes@bonelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on the following via ECF, this the 26th day of August, 2021.

Daniel H. Puryear, Esq.
M. Andrew Pippenger, Esq.
Puryear Law Group Pllc
104 Woodmont Blvd., Suite 201
Nashville, Tn 37205
Dpuryear@Puryearlawgroup.Com
*Counsel For Plaintiff Cds Business Services, Inc. D/B/A Newtek Business Credit*

David W. Houston IV, Esq.
Emily Campbell Taube, Esq.
Burr & Forman LLP
222 Second Avenue South
Suite 2000
Nashville, TN 37201

Michael Gigandet, Esq.
Law Office of Michael Gigandet
208 Centre St
Pleasant View, TN 37146

Natalie M. Cox, Esq.
Megan Reed Seliber, Esq.
US Dept of Justice
Office of the US Trustee
701 Broadway, Ste 318
Nashville, TN 37203

America Cares Trust, Inc. d/b/a CareNation
Michael Gaw, Registered Agent
5655 Granny White Pike
Brentwood, TN 37027

/s/ William J. Haynes III