IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| CDS BUSINESS SERVICES, INC. d/b/a | ) | |
| NEWTEK BUSINESS CREDIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90140 |
| | ) | |
| | ) | |
| AMERICA CARES TRUST (ACT) d/b/a | ) | |
| CARENATION | ) | |
| | ) | |
| Defendant. | ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: November 16, 2021**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: November 23, 2021 in Courtroom 1- 2nd Floor Customs House- 701 Broadway, Nashville, TN 37203**

### NOTICE OF MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR CERTIFICATION UNDER FED. R. CIV. P. 54(B)

CDS Business Services, Inc. d/b/a/ Newtek Business Credit ("Plaintiff"), has asked the Court for the following relief: Default Judgment against Defendant and certification of a portion of the relief granted as final pursuant to Fed. R. Civ. P. 54(b).

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the Court to grant the attached Motion by entering the attached Order, or if you want the Court to consider your views on the Motion, then on or before November 16, 2021, you or your attorney must:

1. File with the Court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT**

WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.

If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584.

2. **Your response must state that the deadline for filing responses is November 16, 2021, the date of the scheduled hearing is November 23, 2021, and the motion to which you are responding is the Motion for Default Judgment.**

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above. You must also mail a copy of your response or objection to:

   CDS Business Services, Inc.
   d/b/a Newtek Business Credit
   c/o Daniel H. Puryear, Esq.
   104 Woodmont Blvd., Suite 201
   Nashville, TN 37205

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: October 25, 2021

/s/ *Daniel H. Puryear*
Daniel H. Puryear, #018190

Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-630-6601 (phone)
615-630-6602 (fax)
dpuryear@puryearlawgroup.com

*Counsel for CDS Business Services, Inc. d/b/a Newtek Business Credit*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| CDS BUSINESS SERVICES, INC. d/b/a | ) | |
| NEWTEK BUSINESS CREDIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90140 |
| | ) | |
| | ) | |
| AMERICA CARES TRUST (ACT) d/b/a | ) | |
| CARENATION | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR DEFAULT JUDGMENT AND CERTIFICATION OF A PORTION OF THE RELIEF GRANTED AS FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)**

Pursuant to Fed. R. Civ. P. 55(b), made applicable by Fed. R. Bank. P. 7055, CDS Business Services, Inc. d/b/a Newtek Business Credit ("Plaintiff"), hereby moves this Court for a default judgment against America Cares Trust (ACT) d/b/a CareNation ("Defendant"), and to certify a portion of the specific relief requested herein as a final judgment pursuant to Fed. R. Civ. P. 54(b), made applicable by Fed. R. Bank. P. 7054(a). In support of this Motion, the Plaintiff states as follows:

1. On September 11, 2020, Plaintiff filed its original Complaint in this matter [Doc. 1].

2. Defendant appeared through counsel and defended the allegations in the original Complaint [Doc. 12, 51].

3. On August 17, 2021, Plaintiff filed its Motion to file its Amended and Supplemental Complaint [Doc. 76]

4. On September 1, 2021, this Court entered its order providing that any opposition to Plaintiff's Motion would be required to be filed by September 17, 2021 [ Doc. 86]

5. On September 2, 2021, Defendant's counsel was granted leave to withdraw as counsel [Doc. 87].

6. No response in opposition to Plaintiff's Motion to file its Amended and Supplemental Complaint was filed, and on September 23, 2021 Plaintiff filed and served its Amended and Supplemental Complaint. [ Doc. 93]

7. As reflected in the Court's records as of the date of this Motion, the Defendant has not filed an answer or other responsive pleading and the deadline to file an answer or other responsive pleading has passed.

8. An Entry of Default was entered by the Court Clerk on October 14, 2021 [Doc. 97].

9. The Defendant is not an incompetent or an infant

10. As an incorporated entity, 50 U.S.C. App. § 520 does not apply in this adversary proceeding.

## **RELIEF REQUESTED IN THIS MOTION**

11. In the Complaint, Plaintiff requested judgment against Defendant for (1) one past due payment under the Asset Purchase Agreement at issue in this lawsuit (the "APA"), due on July 15, 2021 in the amount of $50,000; (2) two remaining payments under the APA, in the amounts of $50,000 (due on December 15, 2021) and $150,000 (due on December 31, 2021); (3) payments

equal to 5% of "net" profit in accordance with the APA, and (4) an order of specific performance compelling Defendant to comply with certain audit and disclosure requirements in the APA for purposes of determining such net profits .

12. Though the particular installments of the APA purchase price due on December 15, 2021, and December 31, 2021, have not come due at the time of filing this motion for default judgment[1], under Tennessee law, Plaintiff is nonetheless entitled to recover the entire balance due under the APA -- $250,000.00. As the Middle District of Tennessee has noted, in ruling in favor of a plaintiff suing to recover past due and future due installments on an asset purchase agreement:

> When there is a total breach, plaintiff may recover for the value of that part of the performance which was due at the time of trial and also recover the value of that part of the performance which is to come due after trial." *Jamison v. Jamison Pest Control Co.,* 852 S.W.2d 884, 885–86 (Tenn.Ct.App.1992). Accordingly, where a defendant makes a choice to cease performing its obligations under a contract, a plaintiff is not limited to specific performance as a remedy. *Id.* at 887; *see also Freytag v. Cross,* 913 S.W.2d 171, 174 (Tenn.Ct.App.1995) (finding that absolute breach entitled non-breaching party to recover "all damages, past or future," resulting from the breach, and that non-breaching party was "not bound to wait to see if [non-breaching party] would change its decision and perform according to the terms of the contract.")

*Advanced Concrete Tools, Inc. v. Beach*, 2014 WL 1385868, *22 (M.D. Tenn. 2014).

13. Determining that the purchaser's obligation to remit future installment payments under an asset purchase agreement was not conditional, and that purchaser failed to respond to the seller's demands justifying its failure to remit prior missed payments, the Court found that the buyer had repudiated his remaining performance obligation under the APA and committed a total breach, entitling the seller to recover the full balance of the payment obligation, even in the absence of an acceleration clause. *Id.*

---

[1] The $50,000 installment payment due on July 15, 2021, was not paid at the time of filing this lawsuit and remains unpaid. The remaining installments of $50,000 and $150,000 come due on December 15 and 31, respectively.

14. Likewise, in this case, and as set forth in the APA and in the complaint, Defendant's obligation to remit the two remaining installment payments is unconditional, and depends on no future performance by Plaintiff. Moreover, Defendant has provided no justification for its failure to make the July 15 payment when it was due.

15. Accordingly, Plaintiff is entitled to default judgment for the past due payment in the amount of $50,000, plus the two future payments in the amounts of $50,000 and $150,000, for total judgment for these installment payments in the amount of $250,000.

16. In addition, Plaintiff is entitled under the APA to recover 5% of Defendant's net profits, and for an order compelling specific performance of Defendant's obligations to comply with its disclosure and audit requirements under Section 9.01 of the APA in order to determine the existence and amount of such net profits.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment against the Defendant, awarding the specific relief as set forth below:

A. For monetary damages in the amount of $250,000.00, reflecting the unpaid installment payments of the purchase price due Plaintiff under the APA;

B. For an Order of specific performance requiring Defendant to comply with its audit and disclosure requirements contained within Section 9.01 of the APA as follows:

a. Within thirty (30) days after entry of the Order granting default judgment, and for the period commencing August 1, 2020 through the end of the month in which the Order granting default judgment is entered, the following: (1) a "net profit statement" for the month in question, accompanied by all financial records on which said "net profit" is calculated, as well as (2) income statements, (3) cash flow statements, (3) profit and loss statements, (4)

balance sheet; and (5) any other records necessary to calculate net profits of Defendant;

    b. Within thirty (30) days after the end of each calendar month thereafter, and continuing through the month ending July 31, 2025, the following: (1) a "net profit statement" for the month in question, accompanied by all financial records on which said "net profit" is calculated, as well as (2) income statements, (3) cash flow statements, (3) profit and loss statements, (4) balance sheet; and (5) any other records necessary to calculate net profits of Defendant.

C.     For a determination that, because the $250,000 due under Section 2.07(a) through (e) of the APA is not conditional, whereas any past or future "net profit payments" due under Section 2.07(f) are conditioned on a future determination of the existence and amount of net profits, there is no just reason for delay in entering final judgment as to the award of the $250,000.00 in installment payments, and entry of a final judgment for same pursuant to Fed. R. Civ. P. 54(b), made applicable by Fed. R. Bank. P. 7054.

D.     the right to pursue recovery in this action, such separate awards of net profits as may be alleged to be owed by Defendant to Plaintiff pursuant to Section 2.07(f) of the APA, based on either documents produced pursuant to the specific injunctive relief requested above, or obtained through additional post-judgment discovery; and

E.     Awarding Plaintiff such other and further relief against the Defendant as may be just and proper.

Dated: October 25, 2021

                                      Respectfully submitted,

                                      */s/ Daniel H. Puryear*
                                      Daniel H. Puryear, #018190
                                      M. Andrew Pippenger, #018183
                                      Puryear Law Group PLLC
                                      104 Woodmont Boulevard, Suite 201
                                      Nashville, TN 37205
                                      615-630-6601 (phone)
                                      615-630-6602 (fax)
                                      dpuryear@puryearlawgroup.com
                                      apippenger@puryearlawgroup.com

                                      *Counsel for CDS Business Services, Inc. d/b/a Newtek Business Credit*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was served via the Court's electronic filing system upon all parties having entered appearances therein, and via United States mail, postage prepaid, upon the following, on October 25, 2021:

America Cares Trust d/b/a CareNation
c/o Michael Gaw, Registered Agent
5655 Granny White Pike
Brentwood, TN 37027

America Cares Trust d/b/a CareNation
10 Eldad Road
Fayetteville, TN 37334

America Cares Trust d/b/a CareNation
Attn: Michael Gaw
4117 Hillsboro Pike, Suite 103
Nashville, TN 37215

America Cares Trust d/b/a CareNation
P.O. Box 2029
Brentwood, TN 37024-2029

                                      */s/ Daniel H. Puryear*
                                      Daniel H. Puryear

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| CDS BUSINESS SERVICES, INC. d/b/a ) | |
| NEWTEK BUSINESS CREDIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 3:20-ap-90140 |
| ) | |
| ) | |
| AMERICA CARES TRUST (ACT) d/b/a ) | |
| CARENATION ) | |
| ) | |
| Defendant. ) | |

## [PROPOSED] ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND CERTIFYING A PORTION OF THE RELIEF GRANTED HEREIN AS FINAL PURSUANT TO FED. R. CIV. P. 54(B)

Plaintiff CDS Business Services, Inc. d/b/a Newtek Business Credit ("Plaintiff"), by and through counsel filed its Motion for Default Judgment and for certification of a portion of the relief to be granted as final pursuant to Fed. R. Civ. P. 54(b) (the "Motion") in this Adversary Proceeding. The Court has reviewed the Application and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) the Motion complies with the requirements of the Bankruptcy Code and this Court; (c) the Defendant has failed timely to file an answer or other responsive pleading in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure;

and (d) the relief sought in the Motion is appropriate in the instant circumstances. Accordingly, it is hereby

ORDERED that:

1. Plaintiff is granted a judgment against Defendant in the amount of $250,000.00, reflecting the unpaid installment payments due under Section 2.07(c) through (e) of the Asset Purchase Agreement at issue in this lawsuit.

2. Defendant is hereby ordered to comply with its audit and disclosure requirements contained within Section 9.01 of the APA as follows:

a. Within thirty (30) days after entry of this Order, and for the period commencing August 1, 2020 through the end of the month in which this Order is entered, the following (1) a "net profit statement" for the month in question, accompanied by all financial records on which said "net profit" is calculated, as well as (2) income statements, (3) cash flow statements, (3) profit and loss statements, (4) balance sheet; and (5) any other records necessary to calculate net profits of Defendant;

b. Within thirty (30) days after the end of each calendar month thereafter, and continuing through the month ending July 31, 2025, the following (1) a "net profit statement" for the month in question, accompanied by all financial records on which said "net profit" is calculated, as well as (2) income statements, (3) cash flow statements, (3) profit and loss statements, (4) balance sheet; and (5) any other records necessary to calculate net profits of Defendant.

3. Because the $250,000 due under Section 2.07(a) through (e) of the APA is not conditional, whereas any past or future "net profit payments" due under Section 2.07(f) are conditioned on a future determination of the existence and amount of net profits, there is no just

reason for delay in entering final judgment as to the award of the $250,000.00 in installment payments, and therefore the relief granted under section (1) herein, awarding a judgment of $250,000 to Plaintiff, is certified as final to Fed. R. Civ. P. 54(b), made applicable by Fed. R. Bank. P. 7054, for which execution may issue.

4. Plaintiff reserves the right to pursue recovery in this action, such separate awards of net profits as may be alleged to be owed by Defendant to Plaintiff pursuant to Section 2.07(f) of the APA, based on either documents produced pursuant to the specific injunctive relief granted above, or obtained through additional post-judgment discovery. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

/s/ *Daniel H. Puryear* _____
Daniel H. Puryear, #018190
M. Andrew Pippenger, #018183
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-630-6601 (phone)
615-630-6602 (fax)
dpuryear@puryearlawgroup.com
apippenger@puryearlawgroup.com

*Counsel for CDS Business Services, Inc.*
*d/b/a Newtek Business Credit*