Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 11/18/2021



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| CDS BUSINESS SERVICES, INC. d/b/a | ) | |
| NEWTEK BUSINESS CREDIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90140 |
| | ) | |
| | ) | |
| AMERICA CARES TRUST (ACT) d/b/a | ) | |
| CARENATION | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND CERTIFYING A
PORTION OF THE RELIEF GRANTED HEREIN AS FINAL PURSUANT TO FED. R.
CIV. P. 54(B)**

Plaintiff CDS Business Services, Inc. d/b/a Newtek Business Credit ("Plaintiff"), by and

through counsel filed its Motion for Default Judgment and for certification of a portion of the relief

to be granted as final pursuant to Fed. R. Civ. P. 54(b) (the "Motion") in this Adversary Proceeding.

The Court has reviewed the Application and finds that: (a) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) the Motion complies with the requirements of

the Bankruptcy Code and this Court; (c) the Defendant has failed timely to file an answer or other

responsive pleading in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure;

and (d) the relief sought in the Motion is appropriate in the instant circumstances. Accordingly, it is hereby

ORDERED that:

1. Plaintiff is granted a judgment against Defendant in the amount of $250,000.00, reflecting the unpaid installment payments due under Section 2.07(c) through (e) of the Asset Purchase Agreement at issue in this lawsuit.

2. Defendant is hereby ordered to comply with its audit and disclosure requirements contained within Section 9.01 of the APA as follows:

a. Within thirty (30) days after entry of this Order, and for the period commencing August 1, 2020 through the end of the month in which this Order is entered, the following (1) a "net profit statement" for the month in question, accompanied by all financial records on which said "net profit" is calculated, as well as (2) income statements, (3) cash flow statements, (3) profit and loss statements, (4) balance sheet; and (5) any other records necessary to calculate net profits of Defendant;

b. Within thirty (30) days after the end of each calendar month thereafter, and continuing through the month ending July 31, 2025, the following (1) a "net profit statement" for the month in question, accompanied by all financial records on which said "net profit" is calculated, as well as (2) income statements, (3) cash flow statements, (3) profit and loss statements, (4) balance sheet; and (5) any other records necessary to calculate net profits of Defendant.

3. Because the $250,000 due under Section 2.07(a) through (e) of the APA is not conditional, whereas any past or future "net profit payments" due under Section 2.07(f) are conditioned on a future determination of the existence and amount of net profits, there is no just

reason for delay in entering final judgment as to the award of the $250,000.00 in installment

payments, and therefore the relief granted under section (1) herein, awarding a judgment of

$250,000 to Plaintiff, is certified as final to Fed. R. Civ. P. 54(b), made applicable by Fed. R.

Bank. P. 7054, for which execution may issue.

4.      Plaintiff reserves the right to pursue recovery in this action, such separate awards of net

profits as may be alleged to be owed by Defendant to Plaintiff pursuant to Section 2.07(f) of the

APA, based on either documents produced pursuant to the specific injunctive relief granted

above, or obtained through additional post-judgment discovery.  This Court shall retain

jurisdiction to hear and determine all matters arising from the implementation of this Order.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE**

---

APPROVED FOR ENTRY:

/s/ *Daniel H. Puryear* _____
Daniel H. Puryear, #018190
M. Andrew Pippenger, #018183
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN  37205
615-630-6601 (phone)
615-630-6602 (fax)
dpuryear@puryearlawgroup.com
apippenger@puryearlawgroup.com

*Counsel for CDS Business Services, Inc.
d/b/a Newtek Business Credit*

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

3

Case 3:20-ap-90140    Doc 101    Filed 11/18/21    Entered 11/18/21 15:16:53    Desc Main
Document      Page 3 of 3