B2640 (Form 2640) (12/15)

**FILED**

**MAR 0 1 2022**

# United States Bankruptcy Court
Middle _____ District Of Tennessee

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF TN

In re  Capstone Pediatrics, PLLC                      )
                     Debtor          ) Case No. 3:19-bk-1971
                                  )
                                  ) Chapter 11
CDS Business Services, Inc. d/b/a Newtek Business Credit )
                 Plaintiff          )
                                  )
                v.               )
 America Cares Trust (ACT) d/b/a CareNation  ) Adv. Proc. No. 3:20-ap-90140
               Defendant      )

## WRIT OF EXECUTION TO THE UNITED STATES MARSHAL

Name and Address of Judgment Creditor

CDS Business Services, Inc. d/b/a Newtek Business Credit
1981 Marcus Avenue, Suite 130
Lake Success, NY  11042

Amount of Judgment:
$250,000.00 + $77.81 Interest = $250,077.81

Other Costs:
$ 0

vs.

Name and Address of Judgment Debtor

America Cares Trust (ACT) d/b/a CareNation
5655 Granny White Pike
Brentwood, TN  37027

Date of Entry of Judgment:

November 18, 2021

TO THE UNITED STATES MARSHAL FOR THE __Middle__ DISTRICT OF __Tennessee__ :
   You are directed to levy upon the property of the above named judgment debtor to satisfy a money judgment in accordance with the attached instructions.

TO THE JUDGMENT DEBTOR:
   You are notified that federal and state exemptions may be available to you and that you have a right to seek a court order releasing as exempt any property specified in the marshal's schedule from the levy.

**MAR 0 1 2022**

Date

_D. Miller_
DEPUTY Clerk of the Bankruptcy Court

[SEAL: UNITED STATES BANKRUPTCY COURT]

FORM E-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

**FILED**

**MAR 0 1 2022**

**U.S. BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TN**

CDS Business Services, Inc. d/b/a Newtek Business Credit

v.

Case No. Adv. Proc. No. 3:20-ap-90140

America Cares Trust (ACT) d/b/a CareNation

## APPLICATION FOR WRIT OF EXECUTION

The Judgment Creditor, CDS Business Services, Inc. d/b/a Newtek Business Credit hereby makes application to the Clerk of the United States Bankruptcy Court to issue an execution in the above case to satisfy a judgment against judgment debtor(s) herein, America Cares Trust (ACT) d/b/a CareNation, for $ 250,000.00, plus the accrued interest in the amount of $ 77.81 through 1/28/2022 (date) computed at the rate of 0.16 %, plus costs formally taxed * by the Clerk of the court in the amount of $ N/A. The total amount of payments made by judgment debtor(s) on this judgment is $ 0.
(If no payments have been made, enter "0".)

The balance of the judgment that remains unsatisfied, as of 1/28/2022 (date), including accrued interests and costs, if applicable, after payments from the judgment debtor(s) have been credited, is $ 250,077.81.

Daniel H. Puryear

Judgment Creditor/Attorney for Judgment Creditor
Puryear Law Group PLLC
104 Woodmont Blvd., Suite 201

Address

Nashville, TN 37205

City, State, Zip

(615) 630-6601

Telephone Number

*If no costs have been formally taxed by the Clerk of the Court, enter "0."

*Randal S. Mashburn*
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 11/18/2021



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| In re: | )  |
| | ) Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| | ) |
| CDS BUSINESS SERVICES, INC. d/b/a | ) |
| NEWTEK BUSINESS CREDIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:20-ap-90140 |
| | ) |
| | ) |
| AMERICA CARES TRUST (ACT) d/b/a | ) |
| CARENATION | ) |
| | ) |
| Defendant. | ) |

Attest:
A True Copy
Certified this 12-21-2021

U.S. Bankruptcy Court

By Allison DeVore
Deputy Clerk

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND CERTIFYING A PORTION OF THE RELIEF GRANTED HEREIN AS FINAL PURSUANT TO FED. R. CIV. P. 54(B)

Plaintiff CDS Business Services, Inc. d/b/a Newtek Business Credit ("Plaintiff"), by and through counsel filed its Motion for Default Judgment and for certification of a portion of the relief to be granted as final pursuant to Fed. R. Civ. P. 54(b) (the "Motion") in this Adversary Proceeding. The Court has reviewed the Application and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) the Motion complies with the requirements of the Bankruptcy Code and this Court; (c) the Defendant has failed timely to file an answer or other responsive pleading in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure;

and (d) the relief sought in the Motion is appropriate in the instant circumstances. Accordingly, it is hereby

ORDERED that:

1. Plaintiff is granted a judgment against Defendant in the amount of $250,000.00, reflecting the unpaid installment payments due under Section 2.07(c) through (e) of the Asset Purchase Agreement at issue in this lawsuit.

2. Defendant is hereby ordered to comply with its audit and disclosure requirements contained within Section 9.01 of the APA as follows:

a. Within thirty (30) days after entry of this Order, and for the period commencing August 1, 2020 through the end of the month in which this Order is entered, the following (1) a "net profit statement" for the month in question, accompanied by all financial records on which said "net profit" is calculated, as well as (2) income statements, (3) cash flow statements, (3) profit and loss statements, (4) balance sheet; and (5) any other records necessary to calculate net profits of Defendant;

b. Within thirty (30) days after the end of each calendar month thereafter, and continuing through the month ending July 31, 2025, the following (1) a "net profit statement" for the month in question, accompanied by all financial records on which said "net profit" is calculated, as well as (2) income statements, (3) cash flow statements, (3) profit and loss statements, (4) balance sheet; and (5) any other records necessary to calculate net profits of Defendant.

3. Because the $250,000 due under Section 2.07(a) through (e) of the APA is not conditional, whereas any past or future "net profit payments" due under Section 2.07(f) are conditioned on a future determination of the existence and amount of net profits, there is no just

2

Case 3:20-ap-90140    Doc 101    Filed 11/18/21    Entered 11/18/21 15:16:53    Desc Main
                      Document    Page 2 of 3
Case 3:20-ap-90140    Doc 107    Filed 03/01/22    Entered 03/01/22 13:26:51    Desc Main
                      Document    Page 4 of 11

reason for delay in entering final judgment as to the award of the $250,000.00 in installment payments, and therefore the relief granted under section (1) herein, awarding a judgment of $250,000 to Plaintiff, is certified as final to Fed. R. Civ. P. 54(b), made applicable by Fed. R. Bank. P. 7054, for which execution may issue.

4. Plaintiff reserves the right to pursue recovery in this action, such separate awards of net profits as may be alleged to be owed by Defendant to Plaintiff pursuant to Section 2.07(f) of the APA, based on either documents produced pursuant to the specific injunctive relief granted above, or obtained through additional post-judgment discovery. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

APPROVED FOR ENTRY:

/s/ *Daniel H. Puryear*
Daniel H. Puryear, #018190
M. Andrew Pippenger, #018183
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-630-6601 (phone)
615-630-6602 (fax)
dpuryear@puryearlawgroup.com
apippenger@puryearlawgroup.com

*Counsel for CDS Business Services, Inc.*
*d/b/a Newtek Business Credit*

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

3

Case 3:20-ap-90140    Doc 101    Filed 11/18/21    Entered 11/18/21 15:16:53    Desc Main Document    Page 3 of 3

Case 3:20-ap-90140    Doc 107    Filed 03/01/22    Entered 03/01/22 13:26:51    Desc Main Document    Page 5 of 11

FORM E-3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

CDS Business Services, Inc. d/b/a Newtek Business Credit

v.   Case No. Adv. Proc. No. 3:20-ap-90140

America Cares Trust (ACT) d/b/a CareNation

## SUMMONS AND NOTICE TO THE GARNISHEE

NOTICE: Although you have a longer time in which to answer the court concerning this garnishment, you must do the following on the same day you receive the garnishment, or on the next working day:

(1) Determine if you possess or control money or property of the judgment debtor.
(2) If so, within the same time period, you shall furnish a copy of this garnishment summons, a copy of the Notice to Judgment Debtor (Form E-6 if the garnishment is for wages; Form E-8 if the garnishment is not for wages), and a copy of the Notice to Garnishee / Employer (Form E-4), if the garnishment is for wages, by mailing them first class, postage prepaid, to the judgment debtor's last known address as shown by your records, or by actual delivery to the judgment debtor.
(3) If the address shown by your records differs from that shown at the bottom of the Notice to Judgment Debtor, you shall also mail a copy of the summons and notice(s) to the latter address.

As required by law, T.C.A. § 26-2-203 and T.C.A. § 26-2-204, you are summoned to mail an answer within ten (10) days after the date of service of this garnishment to the Clerk, U.S. Bankruptcy Court - Middle District of TN, 701 Broadway, Room 170, Nashville, TN 37203. If you are an employer, you must read Form E-4 and complete Form E-5. If you are holding funds belonging to the judgment debtor other than salaries, wages, or earnings, you must complete Form E-7.

FOR EMPLOYER GARNISHEE: This lien shall continue as to subsequent earnings until the total amount due is paid or satisfied, OR until the expiration of the employer's payroll period immediately prior to SIX (6) CALENDAR MONTHS after service of this garnishment, whichever occurs first. This lien shall have priority over any subsequent liens obtained. Subsequent execution shall be effective for the successive calendar month periods in the order in which they are served.

You are required to withhold the garnishment amount, or part thereof, from the employee's wages and to pay these monies not less than one time each calendar thirty (30) days to the: Judgment Creditor, c/o Daniel H. Puryear, Esq., 104 Woodmont Blvd., Suite 201, Nashville, TN 37205. You are liable for failure to withhold from the employee's wages and for failure to pay these monies to the Court.

FOR NON-WAGE GARNISHEE (e.g., financial institution): You are required to pay any garnished funds within your possession within thirty (30) days of service to the: Judgment Creditor, c/o Daniel H. Puryear, Esq., 104 Woodmont Blvd., Suite 201, Nashville, TN 37205.

ISSUED this 1st day of March, 2022.

*This exact form is required with absolutely no modifications.*

UNITED STATES BANKRUPTCY COURT CLERK

By: D. Miller

FORM E-7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

CDS Business Services, Inc. d/b/a Newtek Business Credit

v.

Case No. Adv. Proc. No. 3:20-ap-90140

America Cares Trust (ACT) d/b/a CareNation

### ANSWER OF GARNISHEE FOR FUNDS OTHER THAN SALARIES, WAGES OR EARNINGS OF JUDGMENT DEBTOR

Comes the garnishee, First Horizon Bank, and makes oath as follows:

1. That, at the time of service of this garnishment, the garnishee was indebted to the judgment debtor in the amount of $_____ as a result of _____

2. That the garnishee had the following property, debts, or effects belonging to the judgment debtor in his possession or under his control: (If the garnishee is holding a sum of money, list the exact amount; if the property is not money, specify the type of property, debts, or effects.)

    a. At the time of service of the garnishment: _____

    b. At the time the garnishee answered the garnishment: _____

    c. Between the time of service of the garnishment and the time the garnishee answered the garnishment: _____

3. That, to the knowledge and belief of the garnishee, the following other person(s) have in his/their possession or control the following property, debts, or effects belonging to the judgment debtor: (List the name and address of any such person and describe the property, debts, or effects.)

_____

Pursuant to T.C.A. § 26-2-204, by signing below, I certify under oath that the above information is true and correct.

_____
Garnishee

FORM E-8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

CDS Business Services, Inc. d/b/a Newtek Business Credit

v.

Case No. Adv. Proc. No. 3:20-ap-90140

America Cares Trust (ACT) d/b/a CareNation

## NOTICE TO JUDGMENT DEBTOR (NON-WAGE GARNISHMENT)

To collect a judgment against you in this lawsuit, your money or other property has been seized by execution or garnishment. An execution allows the United States Marshal to sell the property levied upon.

READ THIS CAREFULLY, YOU MAY BE ABLE TO KEEP YOUR MONEY OR PROPERTY OR GET IT BACK. State and federal laws prevent certain types of money or property from being used to pay a judgment. Such money or property is "exempt." Examples of exempt money are: Social Security benefits, SSI, unemployment benefits, veteran's benefits, AFDC, and most government pensions. Examples of exempt property are certain health care aids and "tools of trade." These examples of exempt money and property constitute only a partial list, and you may have other exemptions.

If you think you have exempt money or property that has been seized, you have the right to file a motion with the court clerk's office identified below claiming your exemption and asking for release or return of your money or property. (T.C.A. § 26-2-407) (Motion Form 1 Attached)

YOU SHOULD ACT QUICKLY. If you file a motion with twenty (20) days from the date this notice was mailed to you or was given to you, the court must hear and decide your motion promptly, and in no event later than fourteen (14) days from filing. The clerk will notify you of the time, date, and place of the hearing.

IF YOU DO NOT UNDERSTAND YOUR RIGHTS OR HOW TO EXERCISE THEM, YOU MAY WISH TO CONSULT WITH A LAWYER. IF YOU CANNOT AFFORD A LAWYER, YOU MAY BE ELIGIBLE FOR FREE LEGAL ASSISTANCE. The court clerk's office can provide you with forms and information about legal services in your area, but the clerk cannot give you legal advice.

Clerk, U.S. Bankruptcy Court -
Middle District of TN
701 Broadway, Room 170
Nashville, TN 37203
(615) 736-5584

To be provided by Judgment Creditor:

America Cares Trust (ACT) d/b/a CareNation
Attn: Micahael Gaw, Registered Agent
Judgment Debtor

5655 Granny White Pike
Judgment Debtor's Last Known Street Address

Brentwood, TN 37027
Judgment Debtor's Last Known City, State, Zip Code

FORM E-9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

CDS Business Services, Inc. d/b/a Newtek Business Credit

v.                                                                              Case No. Adv. Proc. No. 3:20-ap-90140

America Cares Trust (ACT) d/b/a CareNation

## NOTICE TO DEBTOR

    Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of court.

    The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.

    Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family, and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the rights to recover them. If you do not understand this exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

MOTION FORM 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

CDS Business Services, Inc. d/b/a Newtek Business Credit

v.

America Cares Trust (ACT) d/b/a CareNation

Case No. Adv. Proc. No. 3:20-ap-90140

## MOTION TO QUASH GARNISHMENT / EXECUTION & CLAIM EXEMPTION RIGHTS

The Judgment Debtor moves the Court to quash the execution or garnishment of the Judgment Debtor's money / property and to order that the money / property of the Judgment Debtor be released or returned. As grounds for the release / return of the money / property, the Judgment Debtor would show that the property is exempt under federal or state law because it is one or more of the following (check each applicable item):

- ☐ Social Security Benefits
- ☐ SSI Benefits
- ☐ Veterans' Benefits
- ☐ AFDC Benefits
- ☐ Other-Specify:

- ☐ Exempt health care aids
- ☐ Exempt insurance benefits
- ☐ Exempt "tools of trade"
- ☐ Wages garnished exceed allowable amounts under law
- ☐ Exempt government pension

The Judgment Debtor further states that the above money or property was garnished from the following bank (or other third party): _____
(Insert name of your bank or other garnishee, if applicable)

Judgment Debtor's Signature: _____

Address: _____

Telephone: _____

## CERTIFICATE OF SERVICE

I, Judgment Debtor, hereby certify that a true and correct copy of this document has been mailed by (CIRCLE ONE) first class mail, postage prepaid, or personally delivered to the Judgment Creditor or Judgment Creditor's Attorney* on this _____ day of _____, _____.

_____
Judgment Debtor's Signature

*You may obtain the address of the Judgment Creditor or his/her attorney from the Clerk of Court.

---

**NOTICE OF HEARING (TO BE COMPLETED BY CLERK)**

Pursuant to T.C.A. § 26-2-410, a hearing is scheduled for _____ __.m., on the _____ day of _____, _____ before Judge _____ in Courtroom _____, U.S. Courthouse, 701 Broadway, Nashville, TN.

_____
Deputy Clerk

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| CDS Business Services, Inc. d/b/a Newtek Business Credit | Adv. Proc. No. 3:20-ap-90140 |
| DEFENDANT | TYPE OF PROCESS |
| America Cares Trust (ACT) d/b/a CareNation | Summons and Notice to Garnishee |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
First Horizon Bank Attn: Clyde A. Billings, Jr., Registered Agent

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
165 Madison Avenue, Memphis, TN 38103

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Daniel H. Puryear
Puryear Law Group PLLC
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | N/A |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                                                                         Fold

Signature of Attorney other Originator requesting service on behalf of:  [X] PLAINTIFF  [ ] DEFENDANT
TELEPHONE NUMBER: (615) 630-6601
DATE: 1/28/2022

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. ____ | District to Serve No. ____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I [ ] have personally served, [ ] have legal evidence of service, [ ] have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

[ ] I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

[ ] A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

Date | Time | [ ] am [ ] pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS:

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80