IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |
| CDS BUSINESS SERVICES, INC. d/b/a ) | |
| NEWTEK BUSINESS CREDIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 3:20-ap-90140 |
| ) | |
| AMERICA CARES TRUST (ACT) d/b/a ) | |
| CARENATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION OF CARENATION TO SET ASIDE DEFAULT JUDGMENT

Pursuant to Federal Rule of Bankruptcy Procedure 9024, Defendant America Cares Trust (Act) d/b/a CareNation ("**CareNation**") moves to set aside the Default Judgment entered on November 18, 2021. The Default Judgment should be set aside because Plaintiff CDC Business Services, Inc. d/b/a Newtek Business Credit (the "**Plaintiff**") failed to properly serve CareNation with the Plaintiff's Amended Complaint.

### BACKGROUND

This adversary proceeding originally arose over a dispute regarding the utilization of certain DIP bank accounts by CareNation and issues arising therefrom. These issues have now been addressed. However, Plaintiff has filed a new, "amended complaint" [ECF No. 93] (the "**Amended Complaint**") that effectively changes the entire scope of the adversary proceeding into

a breach of contract action for alleged nonpayment by CareNation under the terms of the Asset Purchase Agreement that CareNation entered when it purchased certain assets and contracts from the Debtor Capstone Pediatrics, PLLC in the main bankruptcy case. Because Plaintiff is the recipient of any payments made by CareNation under the Asset Purchase Agreement, Plaintiff alleges that CareNation's alleged failure to make payments due and owing constitutes a breach of the Asset Purchase Agreement.

To understand CareNation's position in the instant motion, it is necessary to briefly recite the procedural posture of the case, as it relates to CareNation's representation and the service of the Amended Complaint. After Plaintiff and CareNation effectively resolved the issues with the payments to the DIP bank accounts, Plaintiff filed a motion on August 17, 2021 seeking permission to file the Amended Complaint. *See* [ECF No. 76]. Three days later, on August 20, 2021, CareNation's counsel requested to withdraw as attorney for CareNation. *See* [ECF Nos. 77 & 78]. The Court, recognizing the effect that this withdrawal could have on CareNation, requested additional information from CareNation's counsel regarding the effect of the withdrawal and the circumstances surrounding the request for an amended complaint. *See* [ECF No. 80]. Accordingly, counsel for CareNation provided additional information, asserting that it informed CareNation that it should act quickly to find new counsel, but arguing that its withdrawal would have little prejudicial effect on CareNation, as the events alleged in the proposed Amended Complaint happened only months ago. *See* [ECF No. 84].

Thereafter, on September 1, 2021, the Court provided a schedule for responding to Plaintiff's request to file the Amended Complaint, providing CareNation until September 17 to file a response. The next day, on September 2, 2021, the Court granted CareNation's counsel's request

2

for withdrawal. *See* [ECF No. 87]. Thus, CareNation only had fifteen (15) days to find new counsel who could respond to the request to file an amended complaint.

Despite its best efforts, CareNation was not able to find new representation in those fifteen (15) days, and the Court granted Plaintiff's request to file the Amended Complaint by order dated September 22, 2021. *See* [ECF No. 92]. Thereafter, on September 23, 2021, Plaintiff filed the Amended Complaint. At this time, Plaintiff knew or should have known that CareNation was not represented by counsel, as no new counsel had made an appearance in the case.

Critically, through no fault of CareNation's, Plaintiff sent a copy of the Amended Complaint to three addresses for CareNation—none which appropriately informed CareNation of the Amended Complaint. The only correct address of the three was CareNation's hospital location, where service of process is not generally received. Indeed, the actual address of CareNation's registered agent has changed, only months ago, and has not been updated in the Secretary of State's database yet. As such, Michael Gaw, registered agent for CareNation and the person authorized to accept service, was never served with the Amended Complaint.[1]

Thereafter, because CareNation was not on notice that the Amended Complaint had been actually filed, Plaintiff sought and obtained a default judgment (the "**Default Judgment**") on November 18, 2021. Upon learning of this Default Judgment, CareNation promptly obtained final approval of new representation of counsel, who is now counsel of record for CareNation.

Because of the complications arising (a) from the timing of prior counsel's withdrawal on the eve of the Amended Complaint being approved and (b) the change of address by Mr. Gaw, this situation is ripe for setting aside the Default Judgment. To allow default against a non-culpable

---

[1] CareNation recognizes that its former counsel indicated to the Court at the hearing to withdraw that the address listed on the Secretary of State's website was the correct address to send mailings to CareNation. That statement was incorrect and was not corroborated by Mr. Gaw.

defendant that had lost counsel the day before the Court approved filing of the Amended Complaint would prejudice CareNation substantially. Conversely, Plaintiff would suffer no prejudice, other than setting aside a default that it obtained in part based on the fortuitous set of circumstances that CareNation's counsel withdrew and incorrectly informed the Court of an incorrect address to send service to CareNation.

## MEMORANDUM OF LAW

### I. Legal Standard on Setting aside a Default Judgment

Bankruptcy courts have held that "'when the grant of a default judgment precludes consideration of the merits of a case, even a slight abuse of discretion may justify reversal.'" *In re McArthur*, 258 B.R. 741, 746 (Bankr. W.D. Ark. 2001) (citing *Johnson v. Dayton Elect. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir.1998)). Additionally, courts have recognized that "generally, 'bankruptcy courts have taken a conservative approach, and have refrained from granting default judgment motions.'" *Id*. (citing *Davidson v. Bacon (In re Bacon)*, 131 B.R. 110, 112 (Bankr. E.D. Ark. 1991). Further, the Sixth Circuit has held that "the trial courts are guided in this circuit by clear authority that '[t]rials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.'" *In re Schoenlein*, 312 B.R. 600, 603 (B.A.P. 6th Cir. 2002) (citing *In re Baskett*, 219 B.R. 754, 757 (B.A.P. 6th Cir. 1998) (citing *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir.), *cert. denied*, 484 U.S. 927 (1987)).

Additionally, "although much of the authority in this circuit is in the context of refusal to set aside a default judgment, the preference for trials on the merits versus default is equally applicable to the trial court's entry of a default judgment without sufficient cause." I*n re Schoenlein*, 312 B.R. at 603. And "[s]ince the interests of justice are best served by a trial on the

merits, only after a careful study of all relevant considerations should courts refuse to open default judgments." *In re Antonick*, 124 B.R. 750, 754 (Bankr. S.D. Ohio 1991) (citing *Tozar v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir.1951)).

"[B]ankruptcy courts are authorized to set aside a final judgment or order, including case dismissal orders, under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60(b) into practice under the Bankruptcy Code." *In re Geberegeorgis*, 310 B.R. 61, 66 (B.A.P. 6th Cir. 2004) (citing *In re King*, 214 B.R. 334, 336 (Bankr. W.D. Tenn. 1997)) (citing also *In re Woodhaven, Ltd.*, 139 B.R. 745, 749 (Bankr. N.D. Ala. 1992)). Federal Rule of Bankruptcy Procedure 9024 states that:

> Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by §727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by §1144, §1230, or §1330. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

Fed. R. Bankr. P. 9024.

When determining whether to set aside a default judgment pursuant to Rule 60(b), the Court must consider the following factors: "(1) whether plaintiff will be prejudiced if the judgment is vacated; (2) whether the defendant had a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." *In re Geberegeorgis*, 310 B.R. at. 67 (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983)); *see also Baskett*, 219 B.R. at 759. "[I]n addition to considering the equitable factors enumerated in *United Coin Meter*, the court must also find that one of the specific requirements of Rule 60(b) is met." *Id.* (citing *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir.1996)).

5

Federal Rule of Civil Procedure 60(b) states that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Notably, "the party seeking to vacate the default judgment 'must demonstrate first and foremost that the default did not result from his culpable conduct'…The court must consider the other two *United Coin Meter* factors only if the moving party makes this showing." *In re Sterling Rubber Prod. Co.*, 337 B.R. 729 (B.A.P. 6th Cir. 2006) (citing *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir.2002).

### *a. The Plaintiff will not be prejudiced if the Default Judgment is set aside.*

"'[D]elay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Baskett*, 219 B.R. at 759 (citing *INVST*, 815 F.2d at 398). Additionally:

> The concept of prejudice does not merely imply a loss of time or even money in reliance upon the default judgment obtained. Rather, this definition of prejudice means that the "party opposing the motion will no longer be able to present, or will be unduly burdened in attempting to present, the claim(s) advanced in the original pleading as a result of the action, or more commonly the inaction, of the party against whom the default judgment was obtained."

*Antonick*, 124 B.R. at 754 (citing *Beaman v. Levy (In the Matter of Levy)*, 75 B.R. 894 (Bankr. S.D. Ohio 1987)). "'[P]rejudice must be demonstrated such as to convince the court that the setting

aside of the default will result in 'the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id*. (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983)). Moreover, "if the party opposing the vacating of the default can only demonstrate prejudice through the loss of time or money, that party may request that such matter be addressed as a component of the order setting aside the default judgment." *Id*. (citing *Shepard Claims Service, Inc. v. Darrah*, 796 F.2d 190, 195 (6th Cir.1986)).

Setting aside the Default Judgment will not result in any prejudice to the Plaintiff. Additionally, setting aside the Default Judgment will not result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. Rather, setting aside the Default Judgment will provide both parties with notice and an opportunity to be heard.

**b. *The Default Judgment should be set aside because CareNation has a meritorious defense to Plaintiff's claim.***

The Sixth Circuit has recognized that "in considering a motion to set aside entry of a judgment by default a [trial] court must apply Rule 60(b) 'equitably and liberally ... to achieve substantial justice.'" *Baskett*, 219 B.R. at 760 (citing *United Coin Meter*, 705 F.2d at 844). Further, "trial courts have been instructed to 'construe all ambiguous or disputed facts in the light most favorable to the defendant' and resolve any doubt in favor of the defendant." *Id*. (citing *INVST*, 815 F.2d at 398).

"[I]n determining whether a meritorious defense has been asserted, it 'is sufficient if it contains 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense.'" *Baskett*, 219 B.R. at 760–61 (citing *INVST*, 815 F.2d at 399). Moreover, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 761 (citing *United Coin,* 705 F.2d at 846). Further, "in determining whether a

7

defaulted defendant has a meritorious defense '[l]ikelihood of success is not the measure.' Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* (citing same). Additionally, courts have recognized that "the key consideration is 'to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Antonick*, 124 B.R. at 754–55 (citing C. Wright, A. Miller, M. Kane, supra, § 2697 at 531).

In the present case, the address that the Plaintiff used for CareNation's registered agent was incorrect. Courts have consistently held that misaddressed mailings are insufficient to satisfy due process requirements and that mailings to incorrect addresses constitute insufficient service of process. *In re Reeder*, No. 10-49932 MEH, 2013 WL 5924973, at *2 (Bankr. N.D. Cal. Nov. 5, 2013); *see also Moore v. Davidson*, 292 Ga. App. 57, 59, 663 S.E.2d 766, 768 (2008) (holding that where notice of trial date was sent to the defendant's incorrect address, the defendant was entitled to set aside default judgment); *Mitsubishi Motors Credit of Am., Inc. v. Robinson & Stephens, Inc.*, 263 Ga. App. 168, 170, 587 S.E.2d 146, 149 (2003) ("Mailing a legal notice to the wrong address provides no notice and may violate due process; therefore, failure to provide any notice, as in this case, violates due process. *Castellana v. Conyers Toyota, Inc.*, 200 Ga.App. 161, 407 S.E.2d 64 (1991).").

In the present case, the Plaintiff mailed its Amended Complaint to an incorrect address for CareNation's registered agent. Accordingly, CareNation did not receive adequate notice of the Plaintiff's Amended Complaint. Consequently, CareNation is entitled to set aside the Default Judgment.

Regarding the merits of the case, CareNation has an affirmative defense that any alleged failure to pay was not the result of any actions by CareNation. Specifically, CareNation has been

dealing with numerous complications arising out of the transfer of the contracts that it purchased out of the bankruptcy estate. These complications have resulted in multiple providers not paying CareNation, as they have directed payments to incorrect locations. These misapplied payments have resulted in CareNation not receiving more than $1 million in payments owed. CareNation understands that some of these payments were directed to the "Sweep Account" that has now allegedly been closed. If such account remains open, however, the funds were paid directly to Plaintiff, thus constituting a valid defense to Plaintiff's allegations of non-payment. At a minimum, discovery is needed to determine where these payments were made and, if made to the "Sweep Account," how these payments were treated.

Additionally, under the terms of the Asset Purchase Agreement, any payments for post-closing services that were paid to the debtor were to be transferred to CareNation within five (5) days. This has not happened, resulting in substantial difficulties to CareNation.

### c. *The Default Judgment should be set aside because CareNation's failure to answer was not the result of culpable conduct.*

The Sixth Circuit has held that "'[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Baskett*, 219 B.R. at 759 (citing *INVST*, 815 F.2d at 399) (alteration in original). Additionally, "in the Sixth Circuit the standard for determining the culpability of the defendant's conduct is more stringent under Rule 60(b), which applies to default judgments." *Id*. (citing *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 209 (6th Cir.1995)). Courts have recognized that facts demonstrating carelessness or negligence in a defendant's failure to answer or to respond to a motion for default judgment does not automatically establish culpable conduct where it is justified by the circumstances. *Id*. at 760.

9

In the present case, CareNation has not displayed either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on the proceedings. CareNation's registered agent moved and did not update its address. Accordingly, CareNation was not provided sufficient notice of the Plaintiff's Amended Complaint and, accordingly, the Default Judgment is void due to the Plaintiff's insufficient service of process.

### *d. Courts have routinely held that insufficient service renders default judgment void.*

Courts have consistently held that insufficient service renders default judgments void. Specifically, courts have recognized that:

> The insufficient service of process renders the default judgment void, requiring that it be vacated under Rule 60(b)(4). "Personal jurisdiction is established either by proper service of process or by the defendant's waiver of any defect in the service of process." *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992) (citations omitted); see also Fed. R. Bankr. P. 7004(f). Here, we have neither sufficient service of process nor any waiver, and thus, personal jurisdiction has not been established. *See* Fed. R. Bankr. P. 7004(f). "A default judgment entered by a court which lacks jurisdiction over the person of the defendant is void and may be set aside at any time pursuant to [Rule] 60(b)(4)." *Precision Etchings*, 953 F.2d at 23 (emphasis and citation omitted). Accordingly, I will vacate the default judgment entered against CFS Realty.

*In re Ramos*, No. 19-10789-MSH, 2020 WL 5240382, at *3 (Bankr. D. Mass. Sept. 2, 2020); see also *In re Sheppard*, 173 B.R. 799, 805–06 (Bankr. N.D. Ga. 1994) (holding that default judgment entered against the debtor was void where the zip code used by the creditor was incorrect and the debtor did not receive the summons or complaint. The Court specifically held that "where service of process is defective, a judgment rendered against a party is void and subject to collateral attack. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877). Because the Debtor did not receive proper service of process in the 1991 adversary proceeding, this court never acquired personal jurisdiction over him in that case. Hence, the judgment of this court is void."); *In re Rivas*, 377 B.R. 423, 426

(Bankr. S.D. Fla. 2007) (citing *Eastman Kodak Co. v. Studiengesellschaft Kohle mbH*, 392 F.Supp. 1152 (D.Del.1975)) ("It is axiomatic that absent good service, the Court has no in personam or personal jurisdiction over a defendant."); *Id.* (citing *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322 (5th Cir.2001)) ("Although federal trial courts normally face the issue of personal jurisdiction on a Rule 12(b) motion to dismiss, courts may raise the question *sua sponte* when deciding whether to enter a default judgment when the defendant has failed to appear, since a default judgment entered against a defendant who is not subject to personal jurisdiction is void)"; *In re: Taylor, Bean & Whitaker Mortg. Corp.*, No. 3:09-BK-7047-JAF, 2016 WL 420309, at *3 (Bankr. M.D. Fla. Feb. 1, 2016) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "A judgment can be set aside for voidness [pursuant to Rule 60(b)(4)] where the court lacked jurisdiction or where the movant was denied due process. This includes lack of personal jurisdiction and defective due process for failure to effect proper service." *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 736737 (11th Cir. 2014) (internal citation omitted)).

CareNation recognizes that Rule 5 of the Federal Rules of Civil Procedure applies to the Amended Complaint. However, the Plaintiff's service was still improper as it failed to provide Care Nation with notice of the Amended Complaint.

Bankruptcy courts have consistently held that Rule 5 of the Federal Rules of Civil Procedure applies in adversary proceedings through Rule 7004 of the Federal Rules of Bankruptcy Procedure. *In re S. Indus. Banking Corp.*, 205 B.R. 525, 533 (E.D. Tenn. 1996), *aff'd*, 112 F.3d 248 (6th Cir. 1997) ("Bankr. R. 7005, which concerns service of pleadings and other papers other than process, incorporates Fed. R. Civ. P. 5, which, in Rule 5(b), permits service on an attorney or

11

unrepresented party 'by mailing it to the attorney or party at the attorney's or party's last known address.' The scope of Rule 5 as applied to pleadings is expressly limited in Rule 5(a) to 'every pleading subsequent to the original complaint.' (Emphasis added.)"); *see also In re Hochhauser III*, No. 01-0918, 2002 WL 1232933, at *1 (Bankr. W.D. Tenn. June 5, 2002); *In re Gourlay*, 465 B.R. 124, 131 (B.A.P. 6th Cir. 2012).

Courts have also recognized that where a plaintiff fails to provide proper notice to a defendant, service is deemed improper and the Court does not have jurisdiction to render a judgment over the defendant. *In re Gibbs*, No. 19-54809, 2020 WL 2146487, at *1 (Bankr. N.D. Ga. May 5, 2020), *subsequently dismissed*, No. 21-10286, 2021 WL 5098928 (11th Cir. Nov. 2, 2021) ("Plaintiff named Bank of America in the complaint and all subsequent pleadings and has repeatedly stated allegations against Bank of America. Plaintiff has sought relief against Bank of America, though he has not demonstrated Bank of America was properly served. Insufficient service of process does not mean the entity is not a "party" – rather, it means the court lacks personal jurisdiction over the defendant so the Court cannot render judgment over it. *Kelly v. Florida*, 233 Fed. Appx. 883, 884 (11th Cir. 2007)."); *Frierson v. Johnson*, No. M200602598COAR3CV, 2008 WL 555721, at *6–7 (Tenn. Ct. App. Feb. 28, 2008) ("In *Reynolds*, notices concerning the motion for default judgment and the hearing on the motion were sent to the wrong street address (408 Magnolia Street instead of 508 Magnolia Street) and the defendants denied receiving them. *Id*. at 252…Because of the improper notice, which was apparent on the certificates of service, the court determined that the defendants' failure to assert a meritorious defense was not fatal to their motion to set aside the default judgment. *Id*. at 253. Applying the *Vanleer* reasoning to the present case, we reach the conclusion that the default judgment should be considered void, not voidable, since it was issued with insufficient notice of the hearing that

12

was evident from the certificate of service."); *Chanel, Inc. v. Zhibing*, No. 2:09-CV-02835-CGC, 2010 WL 1009981, at *4 (W.D. Tenn. Mar. 17, 2010) ("Any court-approved service method, however, must meet the constitutionally mandated due process requirements of 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted).").

In the present case, CareNation did not receive any notice of Plaintiff's Amended Complaint. Care Nation is entitled to reasonable notice to respond to the allegations contained in the Amended Complaint. Due to the Plaintiff's mailing the Amended Complaint to the inaccurate address, Care Nation did not receive any notice of the Amended Complaint and was not aware of its obligation to respond. As Care Nation has been deprived of the notice to which it is constitutionally entitled, the Plaintiff failed to properly serve Care Nation and the Court did not have jurisdiction to render the Default Judgment. Accordingly, the Default Judgment is void.

CareNation requests that this Court allow this case to proceed on the merits, considering that the "interests of justice are best served by a trial on the merits." *Antonick*, 124 B.R. at 754 (citing *Krause Milling Co.*, 189 F.2d at 245). The Plaintiff will not be prejudiced by setting aside the Default Judgment, CareNation has a meritorious defense, the Default Judgment did not result from CareNation's culpable conduct, and the Default Judgment is rendered void by the Plaintiff's insufficient service of process.

WHEREFORE, CareNation hereby requests this Court to set aside the Default Judgment entered against CareNation and grant any other relief it deems just and proper.

Respectfully submitted,

s/ John T. Baxter
Shane G. Ramsey (BPRN 35528)

John T. Baxter (BPRN 35405)
NELSON MULLINS RILEY
& SCARBOROUGH, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue, North
Nashville, TN 37219
Phone: (615) 664 – 5300
Shane.ramsey@nelsonmullins.com
John.baxter@nelsonmullins.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 2, 2022, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ John T. Baxter
John T. Baxter (BPR #35405)